[No. 10,141.]

## THE PEOPLE v. MILTON SHEPARDSON.

EVIDENCE OF GOOD CHARACTER IN CRIMINAL CASE.—In a criminal case, evidence on behalf of the defendant of his previous good character is relevant to the question of guilty or not guilty, and is to be considered by the jury in connection with the other facts of the case.

APPEAL from the County Court, Shasta County.

The defendant, William Fugit, and Z. Calmeye, were jointly indicted for the crime of robbery. Fugit pleaded guilty, was sentenced, and was afterwards pardoned and was used by the prosecution as a witness on the trial of this case. The defendant was convicted and appealed. This is the second appeal, and the facts are stated in the former case, reported in the 48 Cal. 189, where the appeal is erroneously stated to have been taken from Tehama County.

*Creed Haymond* for the Appellant, cited: *People* v. *Ashe*, 44 Cal. 291; Henry's case, 5 Jones, (North Carolina) 66; Stannards' case, 7 Carrington & Payne, 674; 3 Greenleaf on Ev. (Sec. 292); Russell on crimes, p. 787, and Knapp's case, 45 N. H.

*Attorney-General Love*, for the People.

By the Court, Crockett, J.:

At the trial, one of the chief witnesses for the prosecution was William Fugit, who admitted that he participated in the robbery of which the defendant has been convicted, and who testified especially that the defendant advised, encouraged, aided and abetted the perpetration of the crime. No other witness testified directly to the guilt of the defendant, and it is contended by his counsel that the accomplice was not corroborated by other evidence, " which in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense." It is therefore claimed that under section 1,111 of the Penal Code, the defendant was entitled to an acquittal. But, without attempting a minute analysis of the testimony, it will suffice to say that, after a careful examination of it, we are not prepared to hold that Fugit was not corroborated by other evidence, which of itself and without the aid of his testimony, tended "to connect the defendant with the commission of the offense." At the trial, the Court charged the jury " that the previous good character of the prisoner is a fact always sufficient to turn the scale in his favor in doubtful cases." No other instruction was given in respect to the weight to be attached to proof of previous good character. But the Court refused to give the following instruction, which was requested by the defendant, viz: " Evidence of good character is evidence relevant to the question of guilty or not guilty, and is to be considered by you in connection with the other facts and circumstances in the case. One object in laying it before the jury is to induce the jury to believe, from the improbability that a person of good character should have conducted himself as alleged, that there is some mistake or misrepresentation in the evidence on the part of the prosecution, and in this connection you must take it into consideration." The Court erred in refusing this instruction. Some of the adjudicated cases state the rule in respect to proof of previous good character to be as announced in the instruction which was given. On this theory the previous

good character of the accused is to be considered by the jury only when the other evidence leaves it doubtful whether he is guilty. But it is obvious that in such a case there would be no need of proof of good character, inasmuch as the jury would be bound to acquit the defendant, on the ground that his guilt had not been established beyond a reasonable doubt. On this theory evidence of good character would be superfluous in any case. If the guilt of the accused was established by the other evidence, the jury would not be at liberty to consider his previous good character; but if there was a reasonable doubt of his guilt, he would be entitled to an acquittal on this ground alone, without reference to his previous character. In *People* v. *Ashe*, 44 Cal. 291, we had occasion to consider this question, and the Chief Justice in delivering the opinion of the Court, said: "The good character of the prisioner, when proven, is itself a fact in the case; it is a circumstance tending, in a greater or less degree, to establish his innocence; and it is not to be put aside by the jury in order to ascertain if the other facts and circumstances, considered in themselves, do not establish his guilt beyond a reasonable doubt. This ruling was affirmed in *People* v. *Raina*, 45 Cal. 292, and we see no reason to doubt its correctness. The counsel for the prosecution does not question the soundness of the proposition, but insists that so much of the instruction as states the "object in laying before the jury" evidence of this character, is erroneous, and that for this reason the instruction, as a whole, was properly refused. He construes the instruction as stating what the "object" of the defendant was in laying such evidence before the jury, and contends that it is wholly immaterial what that "object" or mental purpose was. But we do not so read the instruction, nor could the jury have so understood it. In stating that "one object in laying it before the jury is to induce the jury to believe," etc., it is clear that no reference was had merely to the mental purpose of the defendant in offering such evidence, but it was only a statement of one of the reasons—the legal grounds on which and the purposes for which such evidence is admissible, in order that the jury

might the more clearly comprehend its legal effect and the weight to be attached to it. In this particular the instruction is taken *verbatim* from the language of the Court in Stannard's case, 7 *Carrington & Payne*, 674, which contains a correct exposition of the rule governing the admissibility and application of evidence of good character in the trial of criminal actions.

For this error the judgment must be reversed, and we deem it unnecessary to notice the other points discussed by counsel.

Order and judgment reversed and cause remanded for a new trial.

Mr. Justice McKinstry did not express an opinion.