[No. 10,543.—Department Two.]

## PEOPLE v. MARY WILLIAMS.

LARCENY—INSUFFICIENCY OF EVIDENCE—CRIMINAL LAW.—The defendant was indicted for the larceny of $80, the property of T. On the trial, the evidence tended to show that the defendant had in her possession stolen money, and that shortly before that time, T. owned and had in his possession about the same sum of money, and had visited her house; but the evidence did not show that T. had lost any money, or that any had been stolen from him. The defendant was convicted. *Held*, that the verdict was not supported by the evidence. ·

INSTRUCTION—LARCENY.—An instruction upon the effect of testimony, stated in the opinion, *held* to be misleading to the jury, and erroneous.

APPEAL from a judgment of conviction, and an order denying a new trial, in the Superior Court of the City and County of San Francisco. FREELON, J.

*G. E. Harpham*, for Appellant.

*A. L. Hart*, Attorney-General, for Respondent.

SHARPSTEIN, J.:

The appellant was tried, convicted, and sentenced upon a charge of having stolen, on the 18th of February, 1880, $80 in gold coin, belonging to one George Taylor. The evidence introduced tended to establish the following facts: Taylor, who had been a sailor in the United States navy, was discharged and paid off about the 5th of February, 1880; and on the 17th of that month he took from his pocket and showed to his comrade Carr, who had also been discharged and paid off, eight or nine $20 pieces, and said that he intended to send some of it home to his family in Boston. Taylor and Carr came to San Francisco on said last-mentioned day, and put up at the American Enchange Hotel, where they remained until the next morning, when they went to Mrs. Stannah's house, where the appellant called upon them while they were at dinner; and upon her invitation, they accompanied her on her return to her house. While at appellant's house, Taylor gave her " a $10 greenback and a $5 gold piece." He slept with her that day. On the 19th of February, McConnell and Nettleton, two police officers, went to appellant's house to arrest Rosannah Marshall and Thomas Core on a war-

rant in which they were charged with having robbed Taylor's comrade Carr. These officers found some money, which they took to the City Hall. At that time, they had not seen Taylor nor appellant. About an hour afterwards, the officers returned to make a more thorough search, and then found appellant busy at work in the room. She seemed to be secreting something, and acted in a mysterious manner. The officers found a purse, containing $55 in gold coin and $9 in silver, concealed in a barrel of salt. The same purse was lying empty on appellant's table when the officers first visited the house. Before that, she said that she was destitute; but after the purse was found, she said that she owned it, and that she had " tucked it in there a long time ago, and had forgotten all about it." Two one-dollar silver pieces were found concealed behind the cushion of the lounge; and when asked who owned that, she said that her husband told her when he died that there was money in the house. She had previously stated that her husband had no money when he died, beyond $3 or $4 in silver in his pocket. When confronted by Taylor, she said that he had dropped his money on the floor, and that she picked up $20 and $10, which she gave to him, and that he picked up the rest himself. It does not appear whether Taylor acquiesced in that statement or not. He died before the trial, and no statement of his in regard to the loss of any money by him was introduced, nor is there any evidence tending to show that he identified or claimed the money found, or any part of it, as his.

It is assigned as error by the appellant, that: " The verdict is against the evidence, because the people did not show that any property was lost by Taylor at all, or that defendant took any money or other property from Taylor."

We are unable to discover anything in the testimony from which it can be reasonably inferred that any money was stolen from Taylor, or that he even lost any. As there was no testimony tending to prove that any money was stolen from him, the contradictory statements made by the appellant in regard to the money found in her house, her strange conduct, her mysterious movements, and bad character, only tend to show, that if Taylor had lost any money in her house, suspicion might very naturally point to her as a person who would very likely have

taken it.    But it would not tend in the slightest degree to prove
that Taylor lost any money, or that any was stolen from him.
It is seldom that a judgment in a criminal case can be reversed
on the ground that the verdict is against the evidence; but
when, as in this case, there is no evidence to support the ver-
dict, a new trial must be granted, if asked for; and the Court
erred in denying it on this ground.

During the progress of the trial, an objection was made by
appellant's counsel to a question which the district attorney
asked the witness Carr; and thereupon the Court remarked, in
the presence of the jury, "that while it appears beyond any
reasonable doubt at any rate, and perhaps beyond any doubt,
that this woman had stolen money there, it does not appear that
it was Taylor's money."    And in its charge, the Court instructed
the jury, that "any remark the Court may have made in the
course of the trial, touching the value of circumstantial evidence
as compared with positive evidence, or any remark the Court
may have made during the course of the trial touching
the guilt of the defendant from circumstances showing that
she was in the possession of some stolen money, are to be dis-
carded entirely, and completely disregarded by the jury; those
remarks, whatever they were, were made under the supposition
that no testimony had been introduced then, when they were
made, tending to show that Taylor had any gold coin in the
house of Mrs. Williams at or about the time of the alleged lar-
ceny.    Up to that point, the Court was satisfied that there had
not been sufficient proof to go to the jury that Taylor did have
any money in that house.    At that stage of the trial, the Court,
if no further evidence had been introduced, would have advised
the jury to acquit the defendant for want of sufficient proof.
Since that stage of the case, however, certain testimony has been
introduced as to some statements of the defendant Mrs. Williams,
as to the possession of gold coin by Taylor, in her house, at or
about the time of the alleged larceny."

It does not appear by the transcript, that when the Court re-
marked, "that while it appears beyond any reasonable doubt at
any rate, and perhaps beyond any doubt, that this woman had
stolen money there," that any evidence had been introduced
which tended to show that there was any stolen money in the
house.

If the Court had corrected itself in this respect in its instructions, we might perhaps hold that the jury could not have been misled by that unfortunate remark. But the Court, in its instruction, seems to have aimed only at removing from the minds of the jury any impression that might have been made favorable to the appellant, by the statement that it did not appear that the stolen money which she had belonged to Taylor. We have no more doubt that the remark and instruction which we have quoted, taken together, constitute a very grave error, than we have that a person accused of crime is entitled to a fair trial.

The motion in arrest of judgment, on the ground that the Court had no jurisdiction to try the defendant for the crime of grand larceny without an indictment, was properly denied. The record shows she was tried upon an information duly presented and filed.

Judgment, and order denying the motion for a new trial, reversed, and cause remanded for a new trial.

Ross, J., and THORNTON, J., concurred.