[Crim. No. 416.     Second Appellate District.—August 3, 1915.]

THE PEOPLE, Respondent, v. ARTHUR KEACH, Appellant.

CRIMINAL LAW—OBTAINING PROPERTY BY FALSE PRETENSES—FORM OF VERDICT.—In a prosecution for obtaining property by false pretenses a verdict finding the defendant guilty as charged in the information is sufficient, and a statement in the verdict concerning the value of the property obtained is an immaterial addition so far as the requirements of the verdict are concerned.

ID.—SUFFICIENCY OF EVIDENCE—VALUE OF PROPERTY.—In such a case where the evidence was sufficient to show that the value of the property obtained was in excess of fifty dollars, it was sufficient to sustain a verdict of conviction.

APPEAL from a judgment of the Superior Court of Orange County.   Z. B. West, Judge.

The facts are stated in the opinion of the court.

Wallace W. Davis, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of obtaining property by false pretenses, contrary to the provisions of section 532 of the Penal Code; and he now appeals from the judgment and from an order denying his motion for a new trial.

The information alleges that one George Yost, being the owner of seventeen tons of hay of the value of one hundred and fifty-three dollars in gold coin of the United States of America, delivered the same to the defendant under an agreement of purchase, receiving in payment a certain lease-note purporting to be secured upon two mules described therein. The misrepresentations of fact need not be recited herein, but they related to facts affecting the value of the note and the value of the mules.   The verdict of the jury stated that "We the jury in the above-entitled action find the defendant Arthur Keach, guilty as charged in the information, and find the value of the property $150."

Appellant refers to section 678 of the Penal Code, which provides that, ''Whenever in this code the character or grade of an offense, or its punishment, is made to depend upon the value of property, such value shall be estimated exclusively in United States gold coin,'' and claims that the verdict is not supported by the evidence for the reason that the value of the property was not found by an estimate made in United States gold coin; and further, that there is no evidence tending to prove the value of the hay to be one hundred and fifty dollars, and that the valuation was pure guess work on the part of the jury.

The statement in the verdict concerning the value of the hay was an immaterial addition so far as the requirements of a verdict are concerned. (*People* v. *Millan,* 106 Cal. 323, [39 Pac. 605]; *People* v. *Hines,* 5 Cal. App. 125, [89 Pac. 858].) It was sufficient for the jury to find that the defendant was guilty as charged in the information.

While the evidence of value of the hay obtained by the defendant from the witness Yost might well have been presented in a more definite form, we think that it is sufficient to support the verdict. The testimony shows an agreement of the defendant to buy a quantity of hay from Yost at the price of nine dollars per ton. Yost did not state the amount of the hay, except by saying that ''there was supposed to be seventeen tons, more or less''; but other evidence of weights of different loads of the same hay, as weighed out in the course of the transactions described, shows that the total value at nine dollars per ton would be considerably in excess of fifty dollars, which is all that would be necessary for the purposes of this case. It has been held in a case involving the question of conversion of personal property that the defendant ''having converted it to his own use, we think the price stipulated in the agreement is some evidence of the value of the property at the time of the conversion.'' (*Lehmann* v. *Schmidt,* 87 Cal. 15, 22, [25 Pac. 162].) So here, we think that the evidence above mentioned is sufficient to sustain the verdict, so far as this question of value is concerned. And it would surely be catching at a straw to reverse this case merely because no witness had estimated the value ''in gold coin of the United States of America.''

Appellant complains that the court erred in denying his motion to acquit the defendant ''because of the fact the ele-

ments of this crime have not been proved. To substantiate this crime it is necessary for four distinct averments to be proved (reading from section 532)." In support of this proposition no other points are urged than those which have been mentioned herein.

No other point being suggested in support of the appeal, it is ordered that the judgment and order appealed from be and they are hereby affirmed.

James, J., and Shaw, J., concurred.