[Crim. No. 1564. Second Appellate District, Division Two.—March 2, 1928.]

THE PEOPLE, Respondent, v. KIRK RIDGEWAY, Appellant.

E. L. Johnson for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, J.—We have here an appeal from a judgment pronounced upon a jury's verdict of guilty of the crime of illegal sale of intoxicating liquor.

The sufficiency of the evidence is not in dispute. The record shows a square conflict in the testimony upon the question of the identity of the party who sold the liquor at the time and place named by the witnesses for the prose-

cution. However, two witnesses testified positively that it was the defendant who committed the criminal acts charged in the information. ■ Surely, this evidence is not to be held less creditable because the witnesses were officers, and from the entire record we are satisfied that the evidence amply justifies the verdict. Hence errors which have not affected the substantial rights of the defendant do not warrant a reversal of the judgment. (Sec. 4½, art. VI, Const.) This clearly applies to the following assignment of error. Appellant complains that an instruction concerning circumstantial evidence should not have been given because, it is claimed, there was no circumstantial evidence before the jury. If this be conceded to be a fact, it is not pointed out how the defendant could have been prejudiced, and we can perceive no way in which such a result might have occurred.

■ We conclude that while the court might have refused to give instruction to the effect that the testimony of the defendant was to be measured according to the same standards as that of other witnesses, it is not conceivable that the defendant's case could have been prejudiced thereby. This instruction differs materially from that concerning which the supreme court in *People* v. *Maughs*, 149 Cal. 253 [86 Pac. 187]. said: "And after all this admonition, after all these cautions, the conclusion is forced upon us that when a trial judge does give this instruction to the jury, it can be with no other purpose than to throw his judicial weight into the scales against the defendant on trial before this court." That instruction was the one copied from *People* v. *Cronin*, 34 Cal. 195, warning the jury: "Where the defendant offers himself as a witness, in determining his credibility, it is proper to take into consideration the consequences, inducements, and temptations which would ordinarily influence a person in his situation." The instruction here under consideration states the law correctly and gives no intimation that the court viewed the testimony of the defendant with distrust as is done by those condemned in the Maughs case and certain others to which reference is made in the briefs.

■ In another instruction the jury were informed that: "Evidence of good character is evidence relevant to the question of guilty, or not guilty, and is to be considered by you in connection with the other facts and circumstances in the case. One object in laying it before the jury is to

induce the jury to believe from the improbability that a person of good character should have conducted himself as alleged, and that there is some mistake or misrepresentation in the evidence on the part of the prosecution, and in this connection, you must take it into consideration.''

The well-recognized distinction between reputation and character is pointed out by appellant and he insists that in the absence of an instruction making this difference in meaning clear, the force of defendant's reputation evidence was destroyed. We think this line of reasoning goes beyond the breaking point. Regardless of the fact that, without consideration of the context, the word ''character'' signifies ''what a person is,'' and ''reputation'' means ''what he is supposed to be.'' We deem the instruction here in question to have been properly given. It is apparent that the purpose of the testimony concerning the good reputation of the defendant was to convince the jury that he was possessed of a good character. Hence, counsel's contention that there was no testimony before the jury concerning character, but only as to the reputation of the defendant, is incorrect. That the instruction given is a proper one has been held in *People* v. *Shepardson*, 49 Cal. 629, and other decisions of our supreme court.

█ Finally, certain statements of the district attorney, made during his argument to the jury, are said to be improper and prejudicial to the defendant's rights. He said:

''You know, and I know, there is whiskey being sold indiscriminately all over town, not only to men, not only to women, but to high school boys and girls. I tell you, if you want to continue, you throw down your sheriff's office and the district attorney's office, you vote to acquit, don't give any consideration to the testimony of the men they employ to go out and convict those who are bootlegging. I do not say the mere taking of one drink of whiskey amounts to moral turpitude. A man may drink one drink of whiskey and it may not make him a criminal, but when you pour your liquor, poison, the type of that stuff in that bottle, down the throats of innocent high school boys and girls you are going to have something you don't want. That is what is going to happen in this case if you acquit this man, ladies and gentlemen of the jury.''

And again:

"If he sold liquor to those fellows in this case before, you saw them on the stand. Dillon is only little more than a boy; if he sold it to him he would sell it to a high school boy, wouldn't he? Do you suppose a man of that character has any choice? All he wants is his $2, or $2.50. It does not make any difference to me in this case. I would much rather not prosecute bootlegging cases, and won't prosecute them if we can't get convictions. I didn't want to do it before, but if you turn down the evidence in this case, positive identification, do you think there is any use of prosecuting any other liquor cases in the future? Why no, and we don't do it. If you want to turn this man loose and you want every bootlegger in town to ply his trade indiscriminately, turn him loose."

Appellant claims that by these statements counsel charged that the defendant had sold liquor to school boys and girls. We do not think this language is subject to being so construed. The most serious criticism that can be made in that behalf is that the speaker went outside the record in assuming certain conditions to exist in the community. This is permissible where the matters are of common knowledge, as they appear to have been in this instance.

In *People* v. *Hail*, 25 Cal. App. 342 [143 Pac. 803], cited by appellant, the objectionable statement of the district attorney was, should the jury acquit the defendant, "you would be afraid to go out on the street and meet your fellow men." This was held to be "a direct declaration to the jury that, if they did not convict the defendant, they would lose the respect and confidence of their friends and neighbors. Thus the question of the honesty and the integrity of the jury was injected into the case. In other words, the jurors themselves were put upon trial by the district attorney, and whether they could bravely meet their fellow citizens and face them with clear consciences was made by that official to depend upon whether they found the defendant guilty."

Here, the district attorney merely made the puerile but irrelevant and unconvincing assertion that he would not try again if he lost this case. We agree that such a statement was ill-considered and improper, but we do not regard it as prejudicial. As an authority the Hail case is further distinguishable, for there is was made clear that although the

language used was reprehensible, the holding that it was prejudicial was limited to the facts of that case, and in them there was "a manifest paucity of evidence tending to establish the guilt of the defendant." In the instant case, as we have said, the evidence is ample. Further, under the circumstances here presented, the direction of the court that the jury disregard the remarks of the district attorney to which defendant's counsel objected must be held to have removed any wrong impression which the statements may have made on the minds of the jurors. (*People* v. *Burke,* 18 Cal. App. 72 [122 Pac. 435], and cases there cited.)

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 30, 1928.

All the Justices present concurred.