[Crim. No. 1643.   First Appellate District, Division One.—January 2, 1932.]

THE PEOPLE, Respondent, v. ROLLIN ROSE, Appellant.

Frank W. Creeley and Ernest S. Leslie for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant was accused by information of the crime of contributing to the delinquency of a minor. He was tried and convicted and sentenced to the county jail for a period of six months. Motion for a new trial was made and denied. This is an appeal from the judgment and order.

In support of the appeal it is first claimed that the trial court committed error in allowing certain persons to sit as jurors. It appears from the record that several of the jurors had performed jury duty the previous year. Appellant claims that, under the provisions of section 199 of the Code of Civil Procedure, they were incompetent to act. There is nothing in the record to show that any of the jurors had been finally discharged from service in criminal cases within a year. In the absence of such proof it must be presumed that the jurors impaneled were regularly upon the panel and were neither exempted nor disqualified from acting. (*People* v. *Gilmore,* 17 Cal. App. 737 [121 Pac. 697].)

It is next claimed that the court erred in permitting a certain person to testify as a handwriting expert. It appeared in evidence that appellant, in company with the prosecuting witness, a woman eighteen years of age, had, on several occasions, rented a room in a hotel in the city of San Jose and had, on each occasion, registered himself and the woman as man and wife under an assumed name. For the purpose of proving that the names on the register were written by appellant, the prosecution called one S. G. Tompkins as a handwriting expert. It is claimed that this witness was not qualified to testify as an expert. The record shows that Mr. Tompkins is an attorney at law and that he has made handwriting a special study for the past thirty-five years, during which time he has testified as an expert on the subject in numerous cases. In determining

the qualification of an expert witness, the trial court has a broad legal discretion, and its decision in this regard will not be disturbed upon appeal except for an abuse of such discretion. (*People* v. *Goldsworthy*, 130 Cal. 600 [62 Pac. 1074].) Moreover, the testimony was merely cumulative, as the clerk and the prosecuting witness both testified that they were present when defendant signed the register and they witnessed his act.

Appellant next contends that the district attorney was guilty of misconduct in the use of certain remarks in the course of his closing address to the jury, and his conduct in this regard was designed to provoke ill feeling toward appellant in the minds of the jury. While certain remarks of the district attorney were improper and might well have been left unsaid, no request was made that the court admonish the jury to disregard them. Improper statements of the district attorney, made in his argument, cannot be considered on appeal if no action of the court below with reference to allowing or forbidding such statements was demanded or requested. (*People* v. *Beaver*, 83 Cal. 419 [23 Pac. 321].)

Then again, no claim is made that the evidence is insufficient to support the verdict and we are satisfied from a reading of the same that the verdict was a just one and would have been reached if the error had not been committed. Under such circumstances the act complained of does not warrant a reversal. (*People* v. *Estorga*, 206 Cal. 81 [273 Pac. 575].)

Appellant next contends that error was committed by the trial court in failing to admonish the jury properly as prescribed by the Penal Code (sec. 1122) on the occasion of an adjournment. The court, in its admonition to the jury, stated among other things, that while they might think the case over, they were not to discuss it with anyone. There is nothing in the admonition from which the jurors could conclude that they were at liberty to form a conclusion before the case was finally submitted to them.

We do not consider there is any merit in the appeal. The judgment and order appealed from are affirmed.