[Crim. No. 2557. Second Appellate District, Division Two.—October 3, 1934.]

THE PEOPLE, Respondent, v. JOHN E. DILLON, Appellant.

Benno M. Brink for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

WILLIS, J., *pro tem.*—In an indictment, appellant was charged with three counts of grand theft, the first charging the felonious taking on October 27, 1933, of 100 dozen men's work shirts of the value of $450, in lawful money of the United States, the property of American National Red Cross, a corporation; the second similarly charging the taking on August 24, 1933, of 3,000 yards of cotton gingham fabric, of the value of $225, the property of the same corporation, and the third a similar taking on October 17, 1933, of 30 dozen men's cotton trousers of the value of $225 in lawful money of the United States, the property of the same corporation. At the trial before the court and jury he was convicted on the first two counts and acquitted on the third. A motion for new trial was made and denied and from the judgment entered and the order denying that motion, appellant has taken this appeal, assigning five points as error, namely: (1) That there was no proof that any of the property was stolen. (2) That there was no proof that the merchandise taken was of a value in excess of $200. (3) That it cannot be ascertained from the records if all the merchandise was taken at one time or at various times, and, if taken at various times, how much was taken at each time. (4) That the court erred in refusing to instruct the jury with reference to the testimony of an accomplice. (5) That the district attorney was guilty of misconduct in his argument to the jury.

The record of proceedings at the trial of this case comprises slightly over 500 pages, a careful reading and study of which reveals that defendant was capably represented and that the lower court was extraordinarily patient and lenient in allowing him wide latitude of cross-examination and defense. A summary of the facts which the evidence tended to establish appears necessary as a basis on which to predicate our decision herein on the several points raised.

Since April, 1932, appellant had been and at the dates of the offenses charged herein was employed as manager of the warehouse of the Los Angeles Chapter of American National Red Cross, located at Fourth and Anderson Streets, in Los Angeles, California, and wherein was received and kept for distribution to agencies of charity throughout the county large quantities of merchandise which was in the charge and care of appellant, and which he distributed out on requisitions presented to him by those on the list of agencies. Some six blocks distant from the warehouse one Harry Horowitz operated a department store. To him the appellant, giving the name of Broderick, sold, about August 24, 1933, 3,000 yards of cotton gingham fabric, and about October 27, 1933, 100 dozen men's work shirts, and about October 17, 1933, 30 dozen men's cotton trousers. Prior to these dates and beginning in July, 1933, appellant had made many similar sales of merchandise to Horowitz, and over the period up to November when appellant was arrested, such sales had aggregated some $1500, of which Horowitz still owed about $650. Horowitz did not know or suspect that "Broderick" was Dillon, the man who was in charge of the warehouse, but was informed by the latter that the goods he was selling had been procured from steamship companies as unclaimed or undelivered shipments, a well-known source of such merchandise to Horowitz. Shortage of stock being discovered or suspected, an investigation and audit followed, culminating in the indictment herein.

Appellant's first point is that the prosecution failed to prove that the property in question was stolen from the Red Cross warehouse, and cites the case of *People* v. *Williams*, 57 Cal. 108, in support of his claim. In that case, wherein judgment of conviction was reversed, the evidence revealed that the alleged owner of the money charged to have been stolen was dead, and no proof was offered or given to establish the fact that the deceased had ever lost any money or suffered any theft of his money. In this case there is a plenitude of evidence to sustain the implied finding of the jury that the property sold to Horowitz came from the warehouse in question, and that it had been taken by appellant with the felonious intent of permanently depriving the owner thereof. Appellant lays special stress on insufficiency of evidence adduced through the auditors who took

inventory of stock on hand in the warehouse and checked with records found therein, and their testimony as to shortage in gingham and shirts found by them to exist. It would unduly prolong this opinion to recite the proofs in respect to loss of property from the warehouse over the period in question, and it must suffice herein to say that we discover no error of the lower court in its rulings on admissibility of evidence or motions to strike, and that the evidence admitted and not stricken, produced through the auditors, taken in conjunction with that of many other witnesses who gave testimony tending to identify the merchandise in question is clearly sufficient to support the finding of the jury that the goods in question were stolen from the Red Cross warehouse.

■ There is no merit in the point that value was not established at a sum in excess of $200 as to property described in each of the first two counts. Appellant's contention is founded on the language of section 678 of the Penal Code, which provides that value of property, where it is determinative of the grade of an offense, "shall be estimated exclusively in United States Gold Coin". The estimates of value given by the witnesses herein were made on the basis of United States currency which, at the time of the alleged offense, we take judicial notice, was redeemable in United States gold coin. As was aptly said in a similar instance in the case of *People* v. *Keach*, 28 Cal. App. 194 [151 Pac. 747], "And it would surely be catching at a straw to reverse this case merely because no witness had estimated the value 'in gold coin of the United States of America'."

■ Appellant's third point presents a technical question and the argument of his counsel is highly imaginative in that it is sought to cast doubt on the sufficiency of the evidence to show that the whole of the merchandise described in each separate count was taken at one time, and by which it is suggested that it may have been taken at various times in quantities of less value than $200 and stored at some other convenient place before delivery to Horowitz, thus reducing the grade of the offense below that charged in the indictment. The proof is quite clear that appellant delivered in his own automobile the entire 3,000 yards of gingham to Horowitz in one delivery. This fact taken in connection with the fact that appellant was custodian at the

warehouse where this gingham was stored, only some six blocks distant from the Horowitz store, and that it was delivered soon after bargaining for the sale on the basis of a sample, is sufficient to support the implied finding by the jury that these 3,000 yards of gingham were all taken by appellant from the warehouse at the same time for delivery to Horowitz, with intent to permanently deprive the owner thereof. As to the 100 dozen shirts, the evidence is of similar character and probative effect, but with the variation in respect to delivery, there being two deliveries of about 50 dozen each on the same day, after sale had been agreed upon between appellant and Horowitz. Appellant was custodian of this property for distribution on the orders and under the rules imposed by his employer, American National Red Cross, through its Los Angeles chapter. Where there is an appropriation by a custodian or servant of property in his custody, there is a trespass, and larceny, or theft as it is now termed by the Penal Code, occurs on a wrongful disposal thereof (McClain on Criminal Law, sec. 556) ; and although several articles, or groups of articles, are taken away successively but in one transaction, as the result of one intent, the whole will constitute one theft (McClain on Criminal Law, sec. 551). When appellant once formed the felonious intent to take from the warehouse a certain quantity of merchandise in his custody and deliver the same to Horowitz, and then executed that intent by delivery thereof, all the elements necessary to constitute the offense of theft were united and but one offense is committed, though there may have been several deliveries, for in such case there occurs the union or joint operation of act and intent prescribed by law (sec. 20, Pen. Code). A transaction comprising successive acts of taking, set in motion under a single felonious impulse and operated upon by a single unintermittent force, constitutes a continuous act and must be treated as one larceny. (Wharton, Criminal Law, 11th ed., sec. 1169.)

In respect to appellant's point 4, there was no error in the court's refusal to instruct the jury with reference to the testimony of an accomplice. There is no evidence whatever in the record to support even a suspicion that Horowitz was an accomplice and an instruction on that subject would have been entirely outside the issues submitted to the jury.

█ Appellant's last point is that the district attorney was guilty of misconduct in his argument to the jury and that the court erred in failing to admonish the jury to disregard the remarks to which appellant made assignment of misconduct. We have read the argument of the district attorney as reported, and studied those portions quoted in appellant's brief, and find nothing therein that can be properly characterized as misconduct. The opinions or suggestions and statements therein expressed fairly and reasonably fall within the limits and legitimate bounds of the record, and nothing therein can be said to create or arouse any prejudice against the accused, especially in view of the conclusion which the record herein forces upon the mind, namely, that no verdict other than that of guilty could have been honestly given. The declination of the trial judge to advise the jury to disregard the remarks, assigned as misconduct, as requested by appellant, indicates convincingly that the trial judge was not impressed with any belief that the remarks were outside the record or improper in their substance or effect. █ It has been held that much must be left to the discretion of the trial judge in determining whether an attorney oversteps the bounds of legal propriety in his conduct at the trial, and, unless it clearly appears to the contrary, the judgment of the trial court that his conduct has wrought no prejudice to the defendant will not be set aside. "Counsel's conduct must reach a course of proceeding militating against justice, and the fair and orderly conduct which should characterize judicial proceedings in criminal cases, before error can be predicated on it." (*People* v. *Mayes*, 113 Cal. 618 [45 Pac. 860, 861].)

The judgments and the order denying the motion for new trial are and each of them is affirmed.

Craig, Acting P. J., and Desmond, J., concurred.