[Crim. No. 763.  Fourth Dist.  Jan. 16, 1952.]

THE PEOPLE, Respondent, v. EUGENE J. HEAD et al., Defendants; JOHN K. PURVIS et al., Appellants.

Riley & Ferguson for Appellants.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Appellants John N. Purvis, Jerry K. Golightly, and James Russell Grimes were charged jointly with defendants Eugene J. Head and Robert L. McCabe with the crime of feloniously possessing a narcotic, to wit, marijuana. Their ages ranged from 18 to 21 years. A jury trial resulted in a conviction of all five defendants. Appellants appealed.

About 9:30 p.m. on April 9, 1951, three police officers were touring Golden Hill Park in San Diego in their police car. As they drove around a turn in the road, the lights of their car shone upon a two-door Plymouth sedan parked as though it had backed into a large bush. At that time the officers saw defendant Head standing on the left of that car near the driver's side and behind the open door. He was looking at the police car. He then turned, moved quickly toward the rear of the car and the officer saw his hand rise and lower again. Head returned to the front of the car and sat in the driver's seat.

The officers asked defendants who they were and what they were doing there. They replied they were just seated there talking. They were asked if they had been drinking and they said "No." It had been drizzling that evening and the ground was damp. A search was there made and a dry package of cigarette papers was found on the ground about 3 feet to the rear of the opening of the left-hand door of the car. Defendants were searched and no narcotics were found on them. Three dry cigarettes, containing marijuana, were found on the ground about 6 yards from the right rear wheel. Others were found on the left side. In the area back of the car 52 such cigarettes were found on the ground, which trail led to a Velvet Pipe Company tobacco can containing 14 such cigarettes. The car was searched and on the floor of the rear seat was found a newspaper which had one such cigarette in it. A newspaper was discovered near the left rear wheel of the car and under it were found 25 or 50 burned paper matches. The defendants were arrested. Their car was towed to a lot and later there were found marijuana seeds on the floor of the back seat compartment, under the seat cushions, and on the floor of the front seat compartment.

Defendants denied any knowledge of possession of marijuana. When asked what it was they were throwing from the car, one defendant stated it was a bottle of whiskey. He also stated they had had one or two drinks. The officer testified he smelled no odor of liquor on their breaths.

Counsel for appellants concede the sufficiency of the evidence to support the verdicts but assign as prejudicial misconduct statements of the prosecuting attorney which he made in his argument to the jury. Excerpts therefrom show that he said:

"Ladies and gentlemen. . . . You will recall at the outset on voir dire I asked each one of you specifically whether or not if you believed the evidence showed it beyond a reasonable doubt you would find one or more of the defendants guilty. You said that you would. . . . I believe that the evidence now shows that all of these defendants are guilty."

Thereafter, the prosecutor summarized the evidence and counsel for defendants replied. In his closing argument the prosecutor stated:

"I believe, ladies and gentlemen, that if you convict one person you must necessarily convict all of them, so I am going to start out my rebuttal . . . by telling you why I think the evidence proves beyond all reasonable doubt that the defendant Head is guilty. . . ." The evidence was summarized as it applied to the defendant Head and the deputy district attorney stated: ". . . If Head threw away narcotics then their whole story is all blasted open. They are all guilty." Then follows the portion of the argument about which appellants complain:

". . . Mr. Riley states to you that I will probably tell you that they were making marijuana cigarettes out there. I don't know what they were doing out there because I was not there, and I can only piece the evidence together as you can, but I am *positive* that they all went out there for the one single purpose that had something to do with marijuana, and that the defendant Head threw that marijuana, and as Mr. Riley says, maybe they were making marijuana cigarettes, I don't know. . . . I think, ladies and gentlemen, that the evidence proves that all of these five defendants were mixed up in that marijuana, and I think the evidence proves beyond a reasonable doubt that they are all guilty. . . .

"Ladies and gentlemen, it is very necessary for you to return a proper verdict in this case. It is necessary for you to return a verdict for these five boys as much as it is for anybody else, and I might say right now that I, as district

attorney or deputy district attorney, represent all of the people, including these five defendants; that I hold no animosity whatsoever against these five defendants, and my pay will go on whether there is a conviction here today or not. I had never seen them before—before I walked into this court room, and I imagine many of you saw them before I did. But I think it is very necessary for you to return a proper verdict. It is necessary, ladies and gentlemen, for you to put up *a stop light for all the teenagers.* If you don't return a proper verdict, ladies and gentlemen, *you are giving a green light.*

". . . I can't ask you to bring in a verdict of guilty on one and not guilty on the others. If you find that one of them was not guilty, then bring in a verdict of not guilty on all of them. But *I feel certain,* ladies and gentlemen, *that they are all guilty.* I feel the evidence shows they are all guilty, I should say, and I feel certain that you will bring in a proper verdict of guilty."

The portion italicized is criticized as being an expression of opinion by the prosecutor that the defendants were guilty, claiming they were such expressions as were condemned in *People* v. *Henderson,* 4 Cal.2d 188 [48 P.2d 17]; *People* v. *Hidalgo,* 78 Cal.App.2d 926 [179 P.2d 102]; and *People* v. *Edgar,* 34 Cal.App. 459 [167 P. 891]. It is also argued that in view of the fact that considerable publicity ran in the local newspapers just before and during the progress of the trial of these defendants, about the teenagers' use of narcotics and the efforts the enforcement officers were making to prevent it, the statement of the district attorney in reference to a green light and a red light was highly prejudicial; that no conclusion other than that the remarks were inflammatory and most objectionable could be reasonably reached, in view of the circumstances, and that the remarks must have influenced the verdict that was rendered against these defendants and that therefore these defendants were deprived of the benefit of a fair trial, citing *People* v. *Adams,* 14 Cal.2d 154, 161 [93 P.2d 146].

A reasonable interpretation of the prosecutor's argument in reference to his belief that all defendants were guilty of the offense as charged, is that it was clearly predicated upon his statement that he believed the *evidence showed* that they were guilty. No prejudicial error therefore resulted in this respect. A prosecutor has a right to state his views and

738

his beliefs and convictions as to what the evidence establishes and to urge that the evidence convinces his mind or is conclusive of the guilt of the defendant. (*People* v. *Acuff*, 94 Cal.App.2d 551, 558 [211 P.2d 17].)

The Adams case criticizes any statement on the part of the prosecutor which may seek to inflame the minds of the jurors, particularly where much newspaper publicity has been given to arouse the indignation of the public generally in respect to the crime charged.

■ The prosecutor's statement that it was necessary for the jury to ''put up a stop light for all teenagers,'' and if they did not return a proper verdict they were giving a green light, could only be construed, in the light of the previous and subsequent statements of the district attorney, i.e., that it was the prosecutor's belief, based on the evidence, that defendants were guilty, and that a verdict of guilty was therefore the proper verdict; that since the evidence showed that the appellants were guilty they should not be found ''not guilty''; and that a verdict of not guilty under those circumstances would encourage them and others to continue their activities regarding narcotics. We do not believe the statement can be construed to be a request that the jury find the appellants guilty whether the evidence showed them to be guilty or not, but was rather in the nature of a request not to allow these defendants, if guilty, to escape.

The appellants' counsel points out that he did not make objections to this argument at the time in open court before the jury but he does claim that immediately following the closing of the argument of the prosecuting attorney, in chambers and in the absence of the jury, he cited the remarks of the prosecutor as improper and prejudicial and moved for a mistrial, or in the alternative that the jury be admonished to disregard completely the closing statement of the prosecutor in reference to a red light or a green light toward the teenage behavior. The motion was denied. Error is claimed in the denial of this motion.

■ The most serious criticism that can be made of that statement is that the prosecuting attorney went outside of the record in assuming that a certain condition existed in the community, i.e., that teenagers needed to be stopped from using narcotics. This reference may be permissible where such matters are of common knowledge. (*People* v. *Ridgeway*, 89 Cal.App. 615, 618 [265 P. 349]; *People* v. *Hermes*, 73 Cal.App.2d 947, 958 [168 P.2d 44].) ■ If such application

had been timely made, the trial court might well have admonished the jury to disregard the statement of the prosecutor that teenagers needed to be stopped from using narcotics, and again instructed the jury that the only question before it was the innocence or guilt of the defendants as charged. The evidence was ample to support the verdicts. The appellants do not maintain that it is not. We conclude that the remarks of the deputy district attorney were not prejudicially erroneous, nor that they resulted in a miscarriage of justice. (*People* v. *Godsey*, 71 Cal.App.2d 82, 93 [162 P.2d 46]; *People* v. *Dillon*, 1 Cal.App.2d 224, 230 [36 P.2d 416]; *People* v. *Torres*, 98 Cal.App.2d 189, 193 [219 P.2d 480]; *People* v. *Rose*, 119 Cal.App. 487, 489 [6 P.2d 963]; *People* v. *McRoberts*, 1 Cal.App. 25, 28 [81 P. 734]; *People* v. *Pratt*, 77 Cal.App.2d 571, 579 [175 P.2d 888]; *People* v. *Cabaltero*, 31 Cal.App.2d 52, 62 [87 P.2d 364].)

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.