[No. 20338.  In Bank. — September 15, 1887.]

## THE PEOPLE, RESPONDENT, *v.* JOSÉ RAMIREZ, APPELLANT.

CRIMINAL LAW — MURDER — EVIDENCE — DYING DECLARATIONS. — In a prosecution for murder, it appeared that after the infliction of the mortal wound the deceased was informed by the attending physician that he was about to die, and on the following day expressed a desire to make a dying declaration, the opening sentence of which was as follows: "I, Fernando Asero, believing I am about to die, do make this my dying statement." *Held,* that the declaration was made under a sense of impending death, and was properly admitted in evidence.

ID. — CROSS-EXAMINATION. — In such a case, where the defendant attempts to establish by a witness on his examination in chief that the deceased was exhibiting a belligerent propensity immediately before the homicide was committed, it is competent for the prosecution to cross-examine the witness as to matters tending to show the reverse.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. R. Patton,* for Appellant.

The court erred in admitting the alleged dying declaration. (*Bull's Case,* 14 Gratt. 620; *Jackson* v. *Commonwealth,* 19 Gratt. 656; *People* v. *Hodgdon,* 55 Cal. 76; *People* v. *Gray,* 61 Cal. 164.) The court erred in overruling the defendant's objections to the cross-examination. (*People* v. *Stanley,* 47 Cal. 114; *People* v. *Furtado,* 57 Ca'. 345.)

*Attorney-General Johnson, H. C. Moore,* and *D. W. Burchard,* for Respondent.

SHARPSTEIN, J. — Appellant was tried on a charge of murder, convicted, and sentenced to be hanged. This appeal is from the judgment and order denying his motion for a new trial. One of the grounds upon which he insists that his motion for a new trial should be granted is, that the dying declaration of the deceased was improperly admitted in evidence. The condition of the deceased and the character of his wounds were testified to by his attending physician and surgeon, who further testified to having informed the deceased the day before he made his dying declaration that he was going to die, and he thereupon expressed a wish to make a dying declaration. The opening sentence of the declaration is as follows: " I, Fernando Asero, believing I am about to die, do make this my dying statement."

We think it sufficiently appears from all the evidence before us on this point that this declaration was made under a sense of impending death, and therefore was properly admitted. As reported, the facts in *People* v. *Hodgdon*, 55 Cal. 72, are not the same as in this case.

The defendant's witness, Torres, testified on his examination in chief to what occurred between the deceased and one Prado and some other persons just prior to the homicide. On his cross-examination witness was asked this question: " Did n't Prado come out and run the deceased over a hundred yards at that time ? "

The question was objected to as immaterial and incompetent. The objection was overruled, and the defendant excepted.

The objection was properly overruled. The evidence of this witness tended to prove that deceased was exhibiting a belligerent propensity just before the shooting commenced, and that Prado was endeavoring to restore peace by inducing deceased to withdraw from the company he was in. Prado and defendant were jointly charged, although the latter had a separate trial. It was material for the defendant to prove that deceased

brought on the affray, and for the prosecution to show the reverse. This witness was also asked on cross-examination: " Did n't Prado come out and point a pistol at deceased and say, 'Don't you fight that man Roderiguez'?" To which there was the same objection as to the preceding question, the same ruling and exception. We think the ruling of the court constitutes no error. It does not appear that the question was answered. But the witness did state, after narrating some other events, that he saw no other weapon than a pocket-knife which deceased had.

We discover no ground for disturbing the judgment or order denying the motion for a new trial.

Judgment and order affirmed.

THORNTON, J., SEARLS, C. J., McKINSTRY, J., McFARLAND, J., PATERSON, J., and TEMPLE, J., concurred.