[Crim. No. 154.   Department One.—August 7, 1896.]

## THE PEOPLE, RESPONDENT, *v.* M. A. MAYES, APPELLANT.

CRIMINAL LAW—TRIAL—CONDUCT OF DISTRICT ATTORNEY—DISCRETION OF JUDGE.—Much must be left to the discretion of the trial judge in determining whether a district attorney oversteps the bounds of legal propriety in the conduct of the prosecution; and, unless it clearly appears to the contrary, the judgment of the trial court that his conduct has wrought no prejudice to the defendant will not be set aside; and his conduct must not merely be brusque, but must militate against justice, and the fair and orderly conduct of judicial proceedings in criminal cases, and must amount to willful error, persisted in for an illegitimate purpose, followed by injustice to the prisoner, before the appellate court will interfere.

ID. — STATEMENTS BY COURT IN RULING UPON EVIDENCE — PROVINCE OF JURY—INSTRUCTION.—Statements of evidence made by the court in ruling upon the admission of evidence are not in the nature of instructions to the jury with reference to the evidence, and are not an invasion of the province of the jury, and it is not to be assumed that they will be influenced by it; and where the court instructs the jury when the cause is submitted to disregard any statement of fact made by the court, and to determine all questions of fact from the evidence alone, such instruction removes all apprehension of prejudicial results to the defendant from the statements of the court.

ID.—IMPEACHMENT OF DEFENDANT AS WITNESS—CHARACTER OF DEFENDANT—PRESUMPTION—INSTRUCTION.—Where the defendant offers himself as a witness, his testimony is subject to the same rules as that of any other witness, and he may be impeached in the same mode as any other witness.

ID. — CHARGE OF LARCENY — CROSS-EXAMINATION OF DEFENDANT'S WITNESSES—REPUTATION AS TO HONESTY AND INTEGRITY—SPECIFIC ACTS. Upon trial of a charge of larceny, it is proper to permit the prosecution to cross-examine witnesses called in behalf of the defendant to sustain 'his reputation, in reference to his reputation for honesty and integrity; and they may be cross-examined with reference to specific acts for the purpose of overcoming the effect of their testimony upon direct examination.

ID.—JUDICIAL NOTICE—TIME OF RISING OF MOON—AFFIDAVITS—REVIEW UPON APPEAL—PRESUMPTION.—The court will take judicial notice of the time when the moon · rose on a particular night, and it may inform

itself from any source of information; and it is not competent to assail the correctness of an instruction to the jury upon that subject by affidavits contradictory of the correctness of the statement of the court; and, in the absence of manifest error, the fact as stated by the trial court will be presumed correct on appeal, and appellant must show affirmatively that the court erred in its statement.

ID.—ORDER OF PROOF—DISCRETION.—The order of proof is in the discretion of the trial court, and the admission of evidence out of its proper order is not ground of reversal upon appeal.

ID. — STATEMENTS IN PRESENCE OF DEFENDANT — HEARSAY. — Statements made by a third person in the presence of the defendant, and to which the defendant replied, are not hearsay, and are admissible against him.

ID.—RECALL OF JURY—INSTRUCTION IN ABSENCE OF DEFENDANT'S COUNSEL. It is not error to recall the jury, and to give an instruction in the absence of defendant's counsel, where they cannot be found after search, if the defendant himself is present, and the court directs an exception in his behalf.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.    J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*R. A. Ling*, and *William Alexander Ryan*, for Appellant.

The conduct of the district attorney, and his closing remarks to the jury that "the life of society is more important than the liberty or life of an individual, and then, gentlemen of the jury, after you have gone into the juryroom, take into consideration the welfare of society, the welfare of the law, as well as the liberty of the defendant," were prejudicial to defendant, and prevented him from having a fair and impartial trial. (*People* v. *Butler*, 8 Cal. 435; *People* v. *Benson*, 52 Cal. 380; *People* v. *Devine*, 95 Cal. 227; *People* v. *Wells*, 100 Cal. 459; *People* v. *Lee Chuck*, 78 Cal. 317; *People* v. *Lemperle*, 94 Cal. 48; *People* v. *Bowers*, 79 Cal. 415; *People* v. *Ah Lem*, 92 Cal. 282; 27 Am. St. Rep. 103.) It was prejudicial error for the court to state to the jury the evidence of Mrs. Ruiz, and attempt to construe what she meant by her testimony.    (*People* v. *Bowers, supra*; *People* v. *Fong Ching*, 78 Cal. 173; *People* v. *Dick*, 34 Cal. 666; Const., art VI, sec. 19; *People* v. *Hertz*, 105

Cal. 660; *People* v. *Williams*, 17 Cal. 147; *People* v. *Gordon*, 88 Cal. 426; *People* v. *Bonney*, 98 Cal. 280; *People* v. *Lang*, 104 Cal. 363, *People* v. *O'Brien*, 96 Cal. 181.) The court erred in instructing the jury, in the absence of counsel for defendant, "that the moon did n't rise on the eleventh day of June until 10:57 P. M." It also erred in allowing the prosecution to ask questions of witnesses concerning defendant's character, which were not proper cross-examination, contained statements of alleged specific acts, and involved the trait of honesty and integrity which was not the trait involved in the direct examination. (Code Civ. Proc., sec. 2051; *People* v. *Tiley*, 84 Cal. 651; *Sharon* v. *Sharon*, 79 Cal. 674; *People* v. *Fair*, 43 Cal. 137; *People* v. *Dye*, 75 Cal. 112; *People* v. *Mullings*, 83 Cal. 138; 17 Am. St. Rep. 223; *People* v. *Wallace*, 89 Cal. 158.) It was error to allow evidence of defendant's reputation for truth and veracity, honesty and integrity, as the law presumes that he has a good character for the trait involved in the charge, and he alone could put his character in issue. (*People* v. *Fair, supra;* Wharton's American Criminal Law, secs. 636–38, 641, 668, 842; Bunnell on Evidence, 1533.) It was error to allow witness Ruiz to testify as to the declarations of George Vanderkarr that Mayes had lost a hat the night before, without it being said in the presence of defendant. The errors contained in the remarks of the court and conduct of the assistant district attorney could not be cured by instructions. (*People* v. *Hertz, supra.*)

*W. F. Fitzgerald*, Attorney General, *Henry E. Carter*, Deputy Attorney General, and *Charles H. Jackson*, Deputy Attorney General, for Respondent.

There was no reversible error in the conduct of the district attorney. (*People* v. *Barnhart*, 59 Cal. 402; *People* v. *Wheeler*, 65 Cal. 77; *People* v. *Hamberg*, 84 Cal. 473; *People* v. *Ross*, 85 Cal. 384; *People* v. *Kamaunu*, 110 Cal. 609; *People* v. *Lee Ah Yute*, 60 Cal. 95; *People* v. *Ah Fook*, 64 Cal. 383; *People* v. *Louie Foo*, 112 Cal. 17; *Peo-*

*ple* v. *Ward,* 105 Cal. 340.) The instructions of the
court cured any impropriety that the assistant district
attorney might have indulged in. Each and every re-
mark of the court objected to by appellant is absolutely
harmless. (*People* v. *Northey,* 77 Cal. 630; *People* v.
*Baker,* 100 Cal. 190; 38 Am. St. Rep. 276.) The court
did not err in its instructions, during the absence of
counsel for defendant, as to the rising of the moon.
The record shows that the court did all it could to find
defendant's attorneys. (*People* v. *Trim,* 37 Cal. 276.)
There was no error in the charge concerning the moon.
(Code Civ. Proc., sec. 1875, subd. 8; *People* v. *Chee Kee,*
61 Cal. 404.) There were no errors occurring at the
trial prejudicial to defendant. (*People* .v. *Chin Hane,*
108 Cal. 601.) The reputation of defendant as defend-
ant was not put in evidence, but as a witness his credi-
bility could be attacked like that of any other witness.
As the evidence is conflicting throughout, the verdict
must stand. (*People* v. *Lowen,* 109 Cal. 381; *People* v.
*Sansome,* 98 Cal. 235; *People* v. *St. Clair* (Cal., March 17,
1896); *People.* v. *Wong Chong Suey,* 110 Cal. 117; *People*
v. *Strong,* 30 Cal. 157; *People* v. *Dick,* 32 Cal. 214; *Peo-
ple* v. *Freeman,* 92 Cal. 359; *People* v. *Ah Jake,* 91 Cal. 98.)

HARRISON, J.—The appellant was convicted of felony
in stealing a blue steer, and has appealed from the
judgment thereon and from an order denying a new
trial. The evidence connecting him with the taking of
the animal was sharply conflicting, and testimony im-
peaching nearly all of the witnesses who testified on
either side of the case was presented to the jury. Un-
der these circumstances the sufficiency of the evidence
to sustain the verdict is not open for examination.

Appellant contends that the conduct of the district
attorney was such as to prejudice his case before the
jury, and to prevent him from having a fair and im-
partial trial. While it may be conceded that the lan-
guage of this officer was not at all times characterized
by the urbanity of a Chesterfield, and that his manner,

so far as it can be gathered from the record, was somewhat brusque, we cannot say that it was of such a character as to have interfered with the judgment of the jury upon the evidence before them. Although it is desirable that the amenities of social and professional intercourse should be observed in the courtroom, it must also be borne in mind that the temperament and mental peculiarities of individual attorneys are so diverse that all are unable to try a cause by the same rules of conduct. Much must be left to the discretion of the trial judge in determining whether an attorney oversteps the bounds of legal propriety in his conduct of the trial, and, unless it clearly appears to the contrary, the judgment of the trial court that his conduct has wrought no prejudice to the defendant will not be set aside. Counsel's conduct must reach a course of proceeding militating against justice, and the fair and orderly conduct which should characterize judicial proceedings in criminal cases, before error can be predicated of it. There must be willful error persisted in for an illegitimate purpose, followed by injustice to the prisoner. (*People* v. *Ward*, 105 Cal. 340.)

Exceptions were taken to statements made by the court during the trial, concerning the testimony of witnesses as being an invasion of the province of the jury. These statements were made in answer to objections by counsel to the admission of certain testimony, or in ruling upon such objections, and were in no respect instructions to the jury with reference to the evidence. It very frequently occurs at a trial that the sufficiency of an objection to a question depends upon the presence of other evidence in the case—such as whether it is proper cross-examination, or relevant to what was stated on direct examination, whether a proper foundation has been laid, whether the form of the question properly meets the statement of a witness already given, whether the testimony offered is merely cumulative. Such objections are directed to the court, and, for the purpose of sustaining its ruling, it is frequently necessary for it to

state to counsel evidence that has already been given, in order that the correctness of its ruling may be apparent. While the jury may hear what is said by the court, its remarks or its statement of the evidence is not in the nature of an instruction to them, and it is not to be assumed that they will be influenced by it. The court instructed the jury when the cause was submitted to them for their verdict to disregard any such statement, or any intimation that might have been made of its view upon any question of fact, and to determine all questions of fact upon the evidence alone. The observations of the court in *People* v. *Northey*, 77 Cal. 618, may with propriety be here repeated: " We think that these observations to the jury, made to them by the court when giving them directions by which to guide their conduct in the consideration of the case, were sufficient to remove all apprehension that the remarks of the court above referred to would have any effect on their minds prejudicial to the defendant. To hold otherwise would be to attribute to the jurors a lack of ordinary intelligence, and this we are bound to presume, from their selection to try the cause, they possessed."

The defendant was a witness in his own behalf, and the prosecution in rebuttal asked certain witnesses, who were called for the purpose of impeaching his testimony, concerning his general reputation for truth, honesty, and integrity. Defendant's counsel objected to these questions upon the ground that his character could not be put in question, and that the presumption that he has a good character could not be thus impeached. The court overruled the objection and stated to his counsel that they could submit an instruction which would be given, that the impeaching testimony would be considered only as bearing upon his credibility, and not as affecting his character as a defendant. The jury were subsequently instructed by the court that " the character of the defendant in this case is presumed to be good in the traits involved in the crime with which he is charged, and any proof offered in regard to his general reputa-

tion only goes to his credibility as a witness, and not otherwise." There was no error in this. When the defendant offered himself as a witness in the case his testimony was subject to the same rules as the testimony of any other witness, and he could be impeached in the same mode as could any other witness. (See *People* v. *Gallagher*, 100 Cal. 466; *People* v. *Hickman, ante,* p. 80. The impeaching questions were authorized by section 2051 of the Code of Civil Procedure. Neither did the court err in permitting the prosecution, upon cross-examination of the witnesses called in behalf of the defendant, to sustain his credibility as a witness, to question them in reference to his reputation for honesty and integrity. They had testified in their direct examination, presumably in response to questions put to them in his behalf, that his reputation for these traits was good, and their testimony in that respect was open to a full cross-examination.

Witnesses were also called on behalf of the defendant for the purpose of sustaining the testimony of other witnesses that the prosecution had attempted to impeach, and upon the cross-examination of these witnesses the prosecution was allowed to question them with reference to specific acts. While it is not permissible to give evidence of wrongful acts for the purpose of impeaching a witness, it is proper upon cross-examination of a witness who has given testimony, either for sustaining or impeaching the credibility of another witness, to question him with reference to his knowledge of specific acts, and with reference to the specific acts themselves, for the purpose of overcoming the effect of his testimony upon the direct examination.

A witness on behalf of the defendant testified that on the night when the animal was taken he met Ruiz, one of the witnesses for the prosecution, driving a dark colored animal; that the moon was up and shining, and the night was pretty light. On being asked what time of the night it was, he said that he was unable to tell,

but thought that it was "along about 10 o'clock, some-
wheres about there, I suppose," and at another time he
said that it was "betwixt 9 and 10, I suppose." The
court instructed the jury as a matter of judicial knowl-
edge that the moon on that night rose at 10:57 P. M. It
does not appear that any evidence upon that point had
been offered at the trial, nor was such evidence neces-
sary. (*People* v. *Chee Kee*, 61 Cal. 404.) Section 1875,
subdivision 8 of the Code of Civil Procedure, declares
that courts take judicial knowledge of "the laws of
nature, the measure of time, and the geographical con-
ditions and political history of the world"; and that
"the court may resort for its aid to appropriate books
or documents of reference"; and section 2102 of the
Code of Civil Procedure, declares: "Whenever the
knowledge of the court is by this code made evidence
of a fact, the court is to declare such knowledge to the
jury, who are bound to adopt it." "Judicial notice will
be taken of the time the moon rises and sets on the
several days of the year, as well as of the succession of
the seasons, the difference of time in different longi-
tudes, and the constant and invariable course of nature."
(*Case* v. *Perew*, 46 Hun, 57; see, also, *State* v. *Morris*,
47 Conn. 179; *Munshower* v. *State*, 55 Md. 11; 39 Am.
Rep. 414.) Upon his motion for a new trial, the ap-
pellant assigned the above instruction as error, and in
support thereof presented an affidavit by Lewis Swift
that on that night the moon rose at 10:35 P. M. No
precedent in support of the practice of showing by affi-
davits that the court erred in instructing a jury upon
matters within its judicial knowledge has been cited to
our attention, and we are of the opinion such practice
ought not to prevail. The judicial notice which courts
take of matters of fact embraces those facts which are
within the common knowledge of all, or are of such
general notoriety as to need no evidence in their sup-
port, and also those matters which do not depend upon
the weight of conflicting evidence, but are in their
nature fixed and uniform, and may be determined by

mere inspection, as of a public document, or by demon-
stration, as in the calculations of an exact science.
These matters may not be within the personal knowl-
edge of the judge who presides over the court, but, if a
knowledge of them is necessary for a proper determi-
nation of the issues in the case, he is authorized to avail
himself of any source of information which he may
deem authentic, either by inquiring of others, or by the
examination of books, or by receiving the testimony of
witnesses. (*Rogers* v. *Cady*, 104 Cal. 290; 43 Am. St.
Rep. 100.)   As this knowledge of the court does not
depend upon the weight of evidence, and is not to be
determined upon a consideration of the credibility of
witnesses, it is evident that when the court has stated
to the jury a fact of which it takes judicial knowledge,
the correctness of such statement is not to be contro-
verted or set aside on an appeal by affidavits which are
merely contradictory of the correctness of such state-
ment.   The appellate court takes judicial notice of the
fact in the same manner as does the trial court; but, in
the absence of any manifest error in the statement, the
fact as stated by the court below will be assumed to be
correct, and the appellant will be required to show af-
matively that the court erred in its statement of it.   The
record does not show the means or sources from which
the court obtained its knowledge of this fact, whether
from information derived from others, or from books, or
by means of an individual calculation; and, although it
appears from an affidavit on behalf of the appellant that
the times of the rising of the moon in the Family
Christian Almanac are correct, and that the ordinary
almanacs found in drugstores, and sometimes called
" Patent Medicine Almanacs," are not reliable, the time
stated in either of these almanacs at which the moon rose
on that night is not given, nor does it appear that the
court below referred to either of them.   While it is said
in the affidavit of Swift that'his statement is "made from
accurate, correct, and reliable astronomical observations,
calculations, and data," he does not state that he made

the calculations, or the person by whom they were made; so that his affidavit is in reality of no higher grade than hearsay, and is insufficient to overcome the presumption of the correctness of the court's statement to the jury.

Numerous exceptions were made on behalf of the defendant to the rulings of the court on the admission of evidence, but none of them are of a nature to require particular consideration. There was no error in permitting answers to the questions in the early part of the trial relating to George Vanderkarr. Ruiz subsequently testified that Vanderkarr and the defendant were driving the steer together on the night it was taken, and these questions relating to Vanderkarr would have been proper after the testimony of Ruiz had been given. That they were admitted out of the proper order of developing the case does not constitute error. The order of proof is a matter within the discretion of the court. The statement by Ruiz that Vanderkarr told him that the defendant had lost a hat while they were chasing the steer was not hearsay, as Ruiz testified that it was told in the presence of the defendant, and also that the defendant at the same time gave the reason why he lost it.

The court did not err in refusing to give the instructions asked by the defendant. No error was committed by recalling the jury, and giving an additional instruction in the absence of the defendant's counsel. The defendant was himself present, and the court directed that an exception be entered in his behalf to the instruction thus given. It is stated in the bill of exceptions that before giving the instruction the court caused his attorneys to be called and searched for in the court-house, and also sent officers to look for them, but that they were not found. ·

The judgment and order are affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.