JOHN McDANIEL, Appellee, vs. NICHOLAS WETZEL,
Appellant.

*Opinion filed June 24, 1915.*

RES JUDICATA—*what additional evidence does not make a new case on the second trial.* Where a decree dismissing a bill to set aside a sheriff's deed is reversed upon the ground that the three notices of the sheriff's sale were all posted at the county court house instead of at the three most public places in the county, as required by law, additional proof on the second trial showing that the notices were posted on bill-boards at different entrances to the court house, and showing the distance between the bill-boards and their relative location at the different entrances, does not make a new case.

APPEAL from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

SHEPHERD, TROGDON & DOLE, and STEWART W. KIN-CAID, for appellant.

W. H. CLINTON, and DYAS & DYAS, for appellee.

Mr. JUSTICE WATSON delivered the opinion of the court:

Appellee filed a bill in equity in the circuit court of Edgar county on September 2, 1913, for the purpose of having canceled a sheriff's deed conveying to appellant the real estate described in the bill and to enjoin the prosecution of a suit at law for possession of the real estate. The injunction was granted, and upon a hearing a decree was entered dissolving the injunction and dismissing the bill for want of equity. The cause was brought to this court by writ of error, and at the June term, 1914, an opinion was filed reversing the decree of the circuit court and remanding the cause. Nicholas Wetzel, the then defendant in error, presented his petition for a rehearing in this court and same was denied on October 7, 1914. The opinion is reported as *McDaniel* v. *Wetzel,* 264 Ill. 212, and fully

sets forth the facts upon which it is predicated and the
law applicable thereto. The evidence in the record then
before us showed the three notices of the sheriff's sale re-
quired by law to be posted in three of the most public
places in the county were, in fact, all posted in one place,
to-wit, at the county court house, and we held that to be
no compliance with the statute, and that by reason thereof
the sheriff's deed subsequently issued, based upon the sale,
was invalid. The cause, upon remandment, was tried in
the circuit court upon the bill and answer and the evidence
heard and considered in open court, and a decree was en-
tered setting aside and annulling the sheriff's deed upon
condition the complainant (appellee) should pay, within a
time specified, the amount bid by defendant (appellant) at
the sheriff's sale, with six per cent interest to date of the
decree, with $2.25 expenses of making and recording the
sheriff's deed, $14 expended for insurance, and the costs
of the possessory action in the county court as well as the
costs of the equity suit. By the decree appellant was en-
joined from enforcing the judgment obtained in the county
court of Edgar county for possession of the premises in
controversy in the event the complainant should make pay-
ments as provided by the decree.

The record now shows, as before, the posting of the
three notices of sheriff's sale at the court house, but shows,
also, proof of the distances between the bill-boards upon
which they were severally posted and the relative location
and situation of those boards at the different entrances to
the building, and appellant's position is, the evidence show-
ing the location, publicity and general use of the said bill-
boards, together with the alleged inequitable conduct of
appellee in not paying the judgment or redeeming from
the sheriff's sale, makes out an entirely different case from
that presented to this court upon the writ of error. We
think not, and are of the opinion no new question is pre-
sented, the controlling fact remaining that the notices were

all posted at one place, to-wit, at the court house. The failure and refusal of the appellee to pay the judgment upon which the execution was issued or to redeem from the void sale by the sheriff were fully presented to and considered and disposed of by this court in its former opinion. The present appeal is, in effect, a request for this court to reconsider and reverse the decision formerly made.

Appellee has assigned cross-errors questioning the requirements in the decree as to payment of interest, insurance, expenses of deed and costs in this and the forcible detainer case. The decree was in these respects equitable and has our approval.

The decree of the circuit court of Edgar county is affirmed.

*Decree affirmed.*