[Crim. No. 2024. Second Appellate District, Division Two.—March 13, 1931.]

THE PEOPLE, Respondent, v. FRANK M. MILLER, Appellant.

Kaye & Johnstone for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIG, Acting P. J.—Following conviction by a jury upon a charge of manslaughter resulting .from recklessly driving an automobile, and the denial of a motion for a

new trial, the defendant asked for probation, which was also denied. He appealed from the judgment and from the order denying a new trial.

▉ Appellant has minutely reviewed the evidence in his briefs, and while it is stated therein that he entertains an "honest feeling that the evidence as it appears in the reporter's transcript will not support the verdict", this point is not seriously urged. There is direct evidence that he was driving his machine at the rate of about fifty miles per hour, that he collided with another automobile occupied by several persons, and that the impact fatally injured one of the latter. There was testimony tending to show that the defendant was under the influence of intoxicating liquor, but this is denied. An exhaustive recital of the evidence is not necessary, since the rule applicable to such cases is recognized by appellant that where the evidence is contradictory the jury are the sole judges of the credit to be given the various witnesses.

▉ Numerous instances of colloquies between the trial court and defendant's counsel are criticised as improper, and are characterized as a "running debate throughout the trial". Considering the length of the trial such instances were but momentary and infrequent. *People* v. *Fritz,* 54 Cal. App. 137 [201 Pac. 348], cited by appellant, is not controlling. It is admitted in the instant case that no single remark was seriously detrimental, and appellant has not attempted to indicate in what respect the remarks of the court were or could have been prejudicial to his interest. Hence they do not furnish ground for reversal. (*People* v. *Bruno,* 49 Cal. App. 372 [193 Pac. 511].) ▉ Remarks of the court which during its rulings add nothing to the force or effect of its action are not addressed to the jury, nor do they invade their province. ·(*People* v. *Mayes,* 113 Cal. 618 [45 Pac. 860]; *People* v. *Pera,* 36 Cal. App. 292 [171 Pac. 1091].)

▉ An instruction consisting of four paragraphs was offered by the defendant, the first paragraph of which was given, and the others were refused. The court read to the jury the following:

"You are instructed that the law makes a defendant in a criminal action a competent witness, and you have no right to disregard his testimony on the ground alone that he is

the defendant and stands charged with the commission of crime. The law allows him to testify in his own behalf, and you should fairly and impartially consider his testimony, applying the same rules as to weight and credibility as you apply to other witnesses, and if, after weighing all the evidence, including the testimony of the defendant, you have a reasonable doubt of his guilt, you should give him the benefit of such doubt and acquit him.''

While the court may properly refuse an instruction which measures the defendant's testimony in accordance with that of other witnesses, it has been held not prejudicial error requiring a reversal. (*People* v. *Ridgeway*, 89 Cal. App. 615 [265 Pac. 349].) It is complained that the refusal of the remaining portions deprived the defendant of their curative effect by way of explanation of that portion which singled him out and directed attention to his testimony, even at his own request. The jury were expressly informed by other instructions that witnesses are presumed to speak the truth, and that they should not surrender their honest convictions concerning the effect or weight of evidence, upon full consideration of all of the evidence and of the strength or weakness of the testimony of all of the witnesses. The only omitted portion not elsewhere covered consisted of statements as to the object of the law in permitting a defendant to testify in his own behalf. ██ It is sufficient that the trial court state what the law is, without an exposition of its reasons. (*People* v. *Ramirez*, 56 Cal. 533 [38 Am. Rep. 73]; Id., 73 Cal. 403 [15 Pac. 33]; *People* v. *Piner*, 11 Cal. App. 542 [105 Pac. 780].)

Other points involve testimony which was given without objection as tending to impeach a defense witness, and examination of another witness which ceased immediately upon objection by the defendant. Since there is no merit in these contentions, they do not require discussion.

██ A motion for new trial having been denied, the defendant requested permission to file an application for probation, which was summarily denied. He challenges the power of the superior court to deny him the right to file, and to consider upon its merits, such application. The statute (Pen. Code, sec. 1203) expressly confers upon the court entire discretion in such cases, providing that it may summarily deny probation, or, if probation be not denied that

the matter shall be referred to the proper authority for investigation and report for further consideration. However, in ruling upon the defendant's request the judge expressed reasons therefor which we think clearly departed from fixed legal principles to an extent prejudicial to his substantial rights. In response to the motion it was said, in part: "If a man wanted probation, he would come forward and show his good character and things that ordinarily are considered on probation, and have it inquired into before the trial. Then you would save the expense of a trial. This way of pleading not guilty and going before a jury and being convicted, and then coming forward and asking for probation, I don't much approve of. . . . There are cases in which probation could do some good, but it does not do any good to society to have everybody probated that is convicted, and it ought to be fixed so that probation is either granted or denied before trial, and obviate the trial, if the man is of such a character that he is entitled to be put on probation; not wait until after we have spent several days in the development of testimony and have the jury bring in a verdict of guilty, and then have the judge set aside the verdict of the jury and tell them to go."

The language and reasoning in this proceeding was so nearly identical with previous rulings which have met with disapproval that the judgment must be reversed for the purposes hereinafter expressed. (*People* v. *Jones,* 87 Cal. App. 482 [262 Pac. 361, 368]; *People* v. *Freithofer,* 103 Cal. App. 165 [284 Pac. 484].) In *People* v. *Jones, supra,* the Supreme Court upheld the decision of the District Court of Appeal under similar circumstances. As there said: "If the record is silent as to the grounds of the ruling, the presumption would be, under the general rule as to presumptions on appeal, that it was founded upon a consideration of the merits of the defendant's application; but here there is an affirmative showing to the contrary. When the court undertakes to deal with the question whether a particular case or a particular defendant is within the scope of the probation law, then it is dealing with fixed legal principles, and a departure from those principles is an abuse of discretion and raises a question of law which may be reviewed on appeal." It must be observed that since the amendment of 1929 to said section of the Penal Code, a

defendant may ask probation and is entitled to like consid-
eration "after the conviction by plea or verdict of guilty of
a public offense".

The order denying a new trial is affirmed. The judg-
ment is reversed, with directions that the defendant be
again arraigned for judgment, the trial court to hear and
determine on its merits the motion for permission to file an
application for probation; and to proceed in such manner
as may be in accordance with law and with its decision upon
the matter of probation.

Thompson (Ira F.), J., and Archbald, J., *pro tem.*, con-
curred.