[Civ. No. 7726. First Appellate District, Division Two.—March 30, 1931.]

H. B. STANDLEY, Respondent, v. E. W. KNAPP et al., Appellants; Wm. K. REUSS, Intervener.

George L. Hampton for Appellants.

Paul Amos and Derthick & Hull for Respondent.

Hiram E. Casey for Intervener.

PARKER, J., *pro tem.*—The action is to set aside a sale of real property made under a deed of trust. In the court below judgment went for the plaintiff and the defendants noted in the caption prosecute this appeal. In passing, it might be noted that the position of the intervener is as an ally of plaintiffs, praying for the same relief and satisfied with the judgment entered. It will be unnecessary to recite the facts in detail or to describe the property affected, other than to mention that the real property involved was and is situate in a township other than that in which the attempted sale took place, though in the same county.

The appeal comes before us on the judgment-roll alone and it is the sole contention of appellants that the findings of fact do not support the judgment; that on the facts as found the court should have ruled in favor of the appellants. The question presented goes to the sufficiency of the notice of sale under the trust deed and also appellants present the point that, conceding the failure to give sufficient or any notice, the remedy is against the seller in damages and that such remedy is exclusive. The finding of the trial court on the question of notice is as follows: The court finds that on the seventh day of March, 1924, defendants attempted to exercise the power of sale contained in their deed of trust and in furtherance of said attempt held a purported sale of the real property covered thereby and described therein and involved in this action in the city and township of Los Angeles, state of California. That notices of the time and place of said purported sale were posted by said defendants and that the only notices of said sale that were posted in the city and township of Los Angeles were

posted at the following places: One copy at city hall, Los Angeles, California; one copy at the northern entrance of the Los Angeles County courthouse; one copy at the southern entrance of the Los Angeles County courthouse; one copy at the western entrance of the Los Angeles County courthouse; one copy in the Los Angeles County clerk's office in the hall of records building, Los Angeles, California. That the courthouse and hall of records of Los Angeles County, California, is a public place and the posting of the notices at the three entrances of said courthouse and in the Los Angeles County clerk's office in the hall of records amounts to posting in one place only. That the notices of said purported sale were published in a newspaper known as the "Beverly Hills News", which newspaper was printed in the city of Los Angeles, township of Los Angeles, and published in the city of Beverly Hills, township of Beverly Hills. The foregoing is the only finding on the issue of notice. It is admitted that the property involved is not situate in the township of Los Angeles but in the city of Beverly Hills. As a further part of the general outline of the case it is noted that there is no finding as to what notice, if any, was posted on the property. Appellants complain of the lack of such a finding but we deem it unnecessary to take up this point. If it is concluded that the notices set forth in the finding are not sufficient to warrant or uphold the purported sale, it then becomes immaterial as to what notice may have been posted upon the property attempted to be sold. Further, the briefs discuss the sufficiency of the publication inasmuch as the notice was published in a newspaper printed outside the township wherein the property to be sold was situate. The same situation is disclosed with reference to this phase of the case. Irrespective of whether the notice was properly published, notices would have to be posted in three public places in the township where the sale was to take place. We may repeat, the appeal being on the judgment-roll, necessarily there is a complete lack of anything to indicate the evidence upon which the trial court made its findings. However, this becomes unimportant from one angle inasmuch as appellants admit the absolute truth of the facts as found; it being their contention, however, that the finding that the posting found amounted to but one posting is in reality a conclusion of law. In this

connection it is well to advert to the conclusion of law as adopted in the court below. The controlling conclusion of law is as follows: "That the purported sale of the real property described, by virtue of the power contained in the deed of trust, is void and should be set aside and for naught held. That the trustee's deed based upon said sale is void." So that it makes no difference in one respect whether we consider the finding of fact that the posting in the manner listed was but a single posting as a finding of fact or a conclusion of law. On the other hand, the fact to be determined was the character and nature of the posting, including the place or places of posting. And it was a question of fact, considering the location of the places where posting was made, as to what was the actual physical result of the found posting. So, therefore, we would read the words of the finding that the posting "amounts to posting in one place" as synonymous with the words "was actually a posting in one place". First, it is appellants' contention that we are to entirely disregard this last phrase of the finding and to find anew on the question. Their theory is that this court will take judicial knowledge of the conditions with reference to the places named in the finding. They contend that it is a matter of which this court, without evidence, will take knowledge. In other words, they argue that it is a well-known and generally recognized fact that the entrances to the Los Angeles courthouse are widely separated and that each entrance serves as a distinct public place for a different section of approach. And, continuing, they contend that everyone knows that the hall of records in Los Angeles is a separate and distinct building, adjoining the courthouse, though not a part thereof. That with this knowledge we are not confined to the findings of the court below to any greater degree than we would be bound by a finding that the heir apparent to the British throne was *ex-officio* Governor of California. It is claimed that the facts surrounding the location of the Los Angeles courthouse and its various entrances, as well as the exact location of the hall of records in said city, are facts embraced within section 1875 of the Code of Civil Procedure, of which any court will and must take judicial notice. It is sufficient in this connection to note that no provision of the section noted warrants the claim. It may be conceded that the

term "judicial notice" or the facts of which such notice may be taken is not definitely circumscribed by the section. The subject of judicial knowledge has been one of much discussion throughout our jurisprudence. The better rule seems to be stated in Ruling Case Law, volume 15, at page 1057, from which we abstract: "It may be stated generally with regard to the question as to what matters are properly of judicial cognizance that, while the power of judicial notice is to be exercised with caution, courts should take notice of whatever is or ought to be generally known, within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind. . . . A matter properly a subject of judicial notice must be 'known', that is, well established and authoritatively settled. . . . In every instance the test is whether sufficient notoriety attaches to the fact involved as to make it safe and proper to assume its existence without proof. . . . Judicial knowledge in any case is by no means determined or limited by the knowledge of the particular judge or court. . . . And therefore individual and extrajudicial knowledge on the part of a judge will not dispense with proof of facts not judicially cognizable and cannot be resorted to for the purpose of supplementing the record." With the foregoing in mind, we might concede that perhaps all of the trial judges in Los Angeles County do know the various entrances to the courthouse there situate and that likewise each one knows the relation of the hall of records to the said courthouse. This does not meet the requirements. However, if we use interchangeably the terms "extrajudicial knowledge" and "judicial knowledge" we find little solace for appellants here. If we assume that the court below took judicial notice of the facts, we still are faced with the finding of that court that the posting was actually in one place. Where facts are so generally known as to come within the scope of judicial notice the rule applies equally to trial courts and courts of review. It may happen that a trial court fails or refuses to take notice of a fact, of which every court should take judicial notice. In such a case a reviewing court may take such notice and hold accordingly, even to the extent of overriding the judgment of the lower court. But the court of review has no different standard of judicial notice. If it were contended that certain facts could be judicially

noticed by a court of review that could not be so noticed by a trial court, the contention would work its own undoing in that it would admit a restricted field of knowledge contrary to the test that facts, to be judicially noticed, must be generally known and undisputed. And so, even if we concede that the facts disputed were matters of judicial notice we must assume that the court below did take such notice in arriving at its finding. In *People* v. *Mayes*, 113 Cal. 618 at 626 [45 Pac. 860], it is said: "The appellate court takes judicial notice of the fact in the same manner as does the trial court; but, in the absence of any manifest error in the statement, the fact as stated by the court below will be assumed to be correct, and the appellant will be required to show affirmatively that the court erred in its statement of it." In the instant case no showing of any kind is attempted. Summing up this phase of the appeal it is our conclusion that the facts found are not matters of such common or general knowledge as to be the subject of judicial notice. See, also, *Varcoe* v. *Lee*, 180 Cal. 338 [181 Pac. 223, 226], wherein the subject is fully discussed and the text of Ruling Case Law cited and approved *in extenso*. Conceding that the facts noted might be of such local knowledge as to be judicially noticed in Los Angeles County, and we make this concession purely for the purposes of the argument, we find the result of this notice in the finding. With nothing before us to indicate the error of the finding our inquiry ends. (*People* v. *Mayes, supra*.) The case of *Varcoe* v. *Lee, supra*, affirms the accepted doctrine that the rule of judicial notice should be extended only with caution and it is a salutary provision. In the Varcoe case we find this apt language: "Little assistance can be had by a search of the authorities for exactly similar cases." We have been able to find no case paralleling in facts the case before us. Yet it seems, from the cited case, and on principle, that there should be and is a classification recognized wherein a slight departure is made from the true theory of judicial notice. This departure permits what might be termed a judicious notice rather than a judicial notice in that it permits and sanctions notice by trial judges of things, which though not generally known, are locally established and recognized. And it would follow that the rule as announced in *People* v. *Mayes, supra*, would apply with greater force

in cases where the facts noticed were purely local. Therefore we decline to assume independent knowledge of the facts regarding the arrangement of the public buildings here involved and accept as true the finding of the trial court thereon.

Before entering into a discussion of the remaining points urged by appellants it may be well to cite the sections of the codes governing sales under deeds of trust. Section 2924 of the Civil Code provides: " . . . (c) the mortgagee, trustee or other person authorized to make the sale shall give notice of the time and place thereof, in the manner and for a time not less than that required by law for sales of real property upon execution." Section 692 of the Code of Civil Procedure provides: "Before the sale of property on execution or under power contained in any deed of trust, notice thereof must be given as follows:

"3. In case of real property: By posting a similar notice particularly describing the property for twenty days, in three public places of the township or city where the property is to be sold and publishing a copy thereof once a week for the same period, in some newspaper of general circulation printed and published in the city or township in which the property is situated, if there be one, or, in case no newspaper of general circulation be printed and published in the city or township, in some newspaper of general circulation printed and published in the county. Provided that where real property is to be sold under the provision of any deed of trust the copy of said notice shall be posted in some conspicuous place on the property to be sold, at least twenty days before date of sale." With these sections in mind we may now take up the claims of the appellants. They argue that from whatever angle we approach the finding, the record discloses that the notices required were posted in three places. Admittedly, this must be true in a strictly literal sense. The reason of this conclusion is that it is physically impossible to place more than one thing in the same place. Yet, the statute requires posting in three public places. And it cannot be gainsaid that if it were shown that three notices were posted on one bulletin-board there would be a posting in three places; no one would seriously contend that such a posting complied with a requirement that the notices be posted in three public

places. In American and English Encyclopedia, second edition, at page 829, it is stated: "The term place, in popular usage, is very indefinite. In legal parlance it is equally indefinite. The extent of the locality designated by it must generally be determined by the connection in which it is used." The obvious purpose of the statute is to give as extended notice as the term "public sale" would demand; to give notice to a sufficient number of people to insure the fairness of the sale and to promote competitive bidding. In Corpus Juris, volume 23, at page 637, we find as follows: "A 'public place', as the term is used in the statutes, has been held to mean such a place that an advertisement posted in it would be likely to attract general attention so that its contents might reasonably be expected to become a matter of notoriety in the vicinity." In *National Loan & Inv. Co.* v. *Dorenblazer*, 30 Tex. Civ. App. 148, at page 151 [69 S. W. 1019], the court holds that a statute requiring that a notice of sale under a deed of trust be given by posting written or printed notices thereof in three public places in the county where the sale is to take place is not complied with by posting one notice at the courtroom door, another on a telephone pole at the northeast corner of the courthouse square, and another on a telephone pole near the northwest corner of the courthouse square. In the case of *McDaniel* v. *Wetzel*, 264 Ill. 212 [L. R. A. 1916E, 1140, 106 N. E. 209], where notices for the sale of land on execution were posted on the three doors of the courthouse it was held to be a posting in but one place in the county, and, therefore, not in compliance with the statute requiring a posting in at least three of the most public places in the county. Upon a second trial of the above case, 268 Ill. 461 [109 N. E. 257], where it was shown that the notices were posted on billboards at different entrances to the courthouse, the court was of the opinion that no new question was presented, the controlling fact remaining that the notices were all posted at one place; to wit, at the courthouse. In L. R. A., volume 1926E, beginning at page 1143, there is an exhaustive annotation of the cases from various jurisdictions. The citations support the rule herein announced. Appellants, conceding to some extent the force of the authorities, argue that even if we consider the posting at the various entrances of the courthouse as but one posting, yet

the trial court finds that a notice was posted at the city hall, admittedly a separate and public place within the township and also a notice in the clerk's office in the hall of records. The answer is already apparent. The trial court found that the courthouse and the hall of records constitute one place and this finding concludes the fact; and this is true particularly in the absence of any evidence to the contrary. We conclude, therefore, that the requirement of the statute has not been complied with.

We may note here the complaint of appellants that an affirmance of the judgment, in this respect, would unsettle many titles in the county of Los Angeles by reason of the fact that the manner of posting followed in this case is the usual method of posting notice of sales under execution or trustees' sales in that vicinity. We cannot take judicial notice of this. Without citation, it may be admitted that in some instances courts are prone to construe a statute in accord with the general construction theretofore accorded by those affected and that where for a sufficient time to establish definite property rights a custom has arisen and been recognized the courts would adopt a construction that would preserve rights thus acquired. Such a case is not before us. Under the doctrine of *Smith* v. *Randall*, 6 Cal. 47 [65 Am. Dec. 475], which will be hereinafter more fully discussed, sales under execution can be little affected, if at all. So, therefore, the dire result anticipated can only have a bearing upon sales under deeds of trust. There is a too common tendency on the part of those having purely ministerial functions to adopt short cuts of convenience or expediency, not always free from guile. It has become a practice, more or less general, to leave the conduct of this class of sales to a rather limited group, who assume to set up rules according to individual construction of statutes governing. The earlier it is recognized that laws are made to be respected the more secure will be titles created thereunder. Assuming it possible that some uncertainty will follow the holding, in as far as other sales may be affected, the fact remains that such a result would be a much happier one than to have every right, personal or property, jeopardized by the initiation of a course of judicial review wherein and whereby an appellate court could and would ignore every finding of a trial court, without the evidence

before it, upon the bare assertion of an appellant that he knew the facts were different and that the reviewing court would take judicial knowledge of every obscure fact that might have some local repute. And, incidentally, we are not called upon to determine, nor do we determine, as a question of fact, where or in what proximity to each other are situate the courthouse or the hall of records in Los Angeles County. We simply determine that the finding of the court below on that question is not disputed in the record before us. It might be, with a full record before us, that we would find the evidence insufficient to support the findings made. And to conclude our observations on the general upheaval anticipated we may note that in the court below appellants were offered full payment, with interest, of the obligation which gave rise to the trust deed. In the great crash they will be simply a spectator, unharmed and safe.

The next claim of appellants is that under section 692 of the Code of Civil Procedure, in a sale under the terms of a deed of trust it is necessary only that one notice be posted and that on the property to be sold. The argument is that the section reads that where real property is to be sold under the provision of any deed of trust the copy of said notice shall be posted in some conspicuous place on the property to be sold. Then the argument proceeds to the effect that the article *the* preceding the word *copy* is a definite and demonstrative article and means one notice only. The contention is without merit. If the word *the* is demonstrative its capacity is to demonstrate the word *copy*. And a copy, in its very essence, is something other than the original notice required to be posted in three public places. It might well be, under such a construction as contended for by appellants, that the section makes posting an alternative to publication, though we do not so decide. In any event it does not dispense with the necessity of posting in the township wherein the sale is to take place.

Lastly, the appellants urge that even if insufficient notice was given or if the mode of giving notice did not comply with the demand of the statute, nevertheless this would not afford grounds for setting aside the sale. Their argument is that the remedy of anyone who might be aggrieved is provided in the statute giving a cause of action

in damages against the party making the sale. This contention merits some consideration. Section 693 of the Code of Civil Procedure provides: ''An officer selling without the notice prescribed by the last section (692) forfeits five hundred dollars to the aggrieved party in addition to his actual damages.'' These code sections were, in effect, carried into the codes from the Practice Act. In the early case of *Smith* v. *Randall,* 6 Cal. 47 [65 Am. Dec. 475], it was held that if the sheriff, before a sale of real estate under execution, neglects to give the proper notice, the statute gives an adequate remedy against the officer. There is not sufficient cause to set aside or avoid the sale. The doctrine of the Smith case has been followed and approved in many later cases. (*Frink* v. *Roe,* 70 Cal. 296, 302 [11 Pac. 820]; *Sheehan* v. *All Persons,* 80 Cal. App. 393 [252 Pac. 337]; *Williams* v. *Reed,* 43 Cal. App. 425, 434 [185 Pac. 515]; *Batini* v. *Ivancich,* 105 Cal. App. 391 [287 Pac. 523].) Without further citation we might agree with appellant on the point with reference to the liability of an officer selling without notice and the validity of a sale without notice in such cases. However, this leaves us still out of harmony with appellants in their contentions as to the effect of insufficient notice in sales by trustees.

It is urged that the section of the Civil Code, section 2924, prescribes the method to be followed in a sale pursuant to the provisions of a deed of trust and that by the terms of that section notice is to be given in the manner and for a time not less than that required by law for sales of real property under execution. Appellants argue that because the manner of sale under execution is provided in section 692 of the Code of Civil Procedure it follows that the liability of one selling under a deed of trust is identical, by statute, with the liability of an officer selling under an execution. No authority is cited to support this contention. One reason, aside from the direct statutory provision, adopted by the court in the case of *Smith* v. *Randall, supra,* was the necessity of assurance to purchasers at sale under execution. In the cited case it is said: ''Very few of those who become purchasers of land at sheriffs' sales have an opportunity of knowing whether or not the law, with respect to notice, has been strictly complied with, or whether the defendants in execution have personal property at the

time of levy; and if every mistake or neglect of duty, on the part of the sheriff, would operate to invalidate such sale, great injury would result both to debtor and creditor; for no prudent man would give a fair price for property, if he was liable to be divested of his title by reason of laches of the officer." In part, this reasoning might be applicable to sales by a trustee under a deed of trust. Yet, in the latter case, there are many better reasons which seem to preclude carrying the principle over into this branch of sales. In the case of a sale under execution, by an officer of the court, the purchaser has a right to indulge the presumption that official duty has been performed. He has the knowledge of the official capacity of the person selling; he has the bond of the officer and perhaps may consider that neglect of official duty would be punishable. In a sale under a deed of trust none of these features appear to the purchaser. If we should hold that the sole remedy of an aggrieved party under a sale without notice of any sort was exclusive in action against the party conducting the sale, it would work ultimately to the destruction of this form of security. Without arguing out our own reasons further, we decline to hold as appellants urge. As illustrative of the attitude of our Supreme Court on the same point reference may be had to the case of *United Bank & Trust Co.* v. *Brown*, 203 Cal. 359 [264 Pac. 482]. While it is true that the exact point was not raised in that case it is manifest from the decision that it would not have been considered, even if urged, in as far as the court takes it for granted and so holds, that a sale without notice was void. And the sale therein referred to was a sale pursuant to the terms of a deed of trust.

The judgment is affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 29, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 28, 1931.

Seawell, J., and Shenk, J., dissented.