[Civ. No. 6865. Second Appellate District, Division One.—December 10, 1931.]

JOHN A. McCABE, Respondent, v. JESS WILLARD et al., Appellants.

Catherine A. McKenna and J. Irving McKenna for Appellants.

Dan J. Chapin for Respondent.

CONREY, P. J.—Defendants executed to plaintiff's assignor their note for money loaned and secured the same by a deed of trust of real property in the city of Los Angeles. Following default in payment of the note, the property was sold at trustee's sale for a sum less than the balance due on the note. This action was brought to recover that balance. From a judgment rendered in favor of the plaintiff, the defendants appeal.

In effect the defense to the action presented was that the sale by the trustee was void, and that, consequently, the plaintiff was not entitled to recover judgment as for a balance due after trustee's sale. The grounds upon which appellants contend that the sale was void relate to alleged defects in the publication of the notice of sale and in the posting of copies of the notice of sale.

Concerning the publication, the points are that the notice was not published for the period required by law, and that the publication was not shown to have been in a newspaper of general circulation published in the city of Los Angeles or county of Los Angeles. At the trial no point seems to have been made with respect to the qualification of the newspaper for the purposes of such notices. If there was any defect in the proof, it was not called to the attention of the court. If the record does not contain any direct testimony on the subject, the omission was one which might have been supplied if any question had been raised on that

point. We think that such an objection should not be presented for the first time on appeal, or be considered as a sufficient foundation for reversal of the judgment.

In order to authorize the sale, it was necessary that the notice of sale be posted ''for twenty days'', and also be published ''once a week for the same period'' in a newspaper of general circulation printed and published in the city in which the property was situated. (Civ. Code, sec. 2924; Code Civ. Proc., sec. 692, subd. 3.) The notice in question was published once a week for three successive weeks, namely: On April 26, May 3 and May 10, 1928. The day of sale was to be May 22, 1928, and the sale actually took place at that time. It thus appears that the full period of twenty days elapsed between the first publication of the notice and the day when the sale was made as provided in the notice. This was a sufficient compliance with the requirements of the statute as to period of publication of the notice. We think that the decision in *Seccombe* v. *Roe*, 22 Cal. App. 139 [133 Pac. 507, 508], relied upon by appellants, does not sustain their contention. In that case the trustee's sale was one in which the publication of notice was required to be at least once a week for four successive weeks. The sale took place after the fourth publication, but within less than four weeks from the time of first publication. The court held that when the stipulation in the deed of trust was that the publication was to be once a week for four weeks, it meant four weeks of seven days each, ''or that twenty-eight days shall elapse from the date of the first publication to the date when authority was given to make the sale, and that a sale made within less than twenty-eight days from the first publication was without authority upon the part of the trustee.'' But in the case at bar the requirement of the statute was that notice of the sale be posted for twenty days, and that a copy thereof be published ''once a week for the same period'', etc. We are of the opinion that when the publication was made three times at weekly intervals in a newspaper of weekly publication and the sale was fixed for a date more than twenty days after the first publication of the notice, the law respecting times of publication and period of publication was satisfied, and the publication was sufficient.

■ The next point of appellants is that no notice was posted on the property as required by law. This point rests upon an affidavit of posting made by the person who posted the notice of sale. In his affidavit he stated that he had posted the notice on the property to be sold as described in the notice, "such place being 129 North Weatherly Drive". But in his testimony as a witness at the trial he corrected that statement and testified that in fact the place of posting was 129 South Weatherly Drive, which is the correct street number of the described premises. The sale in question is not one of that class of proceedings in which an error in an affidavit filed constitutes a fatal defect in the transaction. It is sufficient that the evidence proves that in fact the notice was posted in accordance with the statutory requirement.

■ Finally, it is contended that the notice of sale was not posted in three places in the county, as required by law, for the full period of twenty days. The court made findings to the contrary. The evidence shows that the notice was posted, one at the east entrance of the courthouse, one at the county recorder's office, one at the south entrance of the hall of justice, and one on the bulletin-board of the city hall. This would constitute three public places, even though the east entrance of the courthouse and the county recorder's office should be regarded as one place. In *Standley* v. *Knapp*, 113 Cal. App. 91 [298 Pac. 109], cited by appellants, it was found by the court, presumably upon evidence, that the courthouse and hall of records of Los Angeles County "is a public place", and that the posting of notices at the three entrances of said courthouse and in the county clerk's office in the hall of records amounts to posting in one place only. In the case at bar the court upon the evidence before it found that the posting of notices, done in the manner which we have described, was a posting in three public places. The court in *Standley* v. *Knapp, supra,* did not decide those facts as a subject of judicial cognizance without evidence, but merely as a fact based upon evidence. It was for that reason that the finding was sustained. For a like reason, in the present action the finding of the court must be sustained, and it is no answer to say that in another action relating to the same question of fact a contrary finding was made. But it is further a sufficient answer to

the contention that in the case before us the posting was done at four public places, of which at least three were in fact distinctly separate places not at or within parts of one and the same building.

The judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 7, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1932.