[Crim. No. 2219.   Second Appellate District, Division One.—September 12, 1932.]

THE PEOPLE, Respondent, v. ERNEST OSTERHELT, Appellant.

Crop & Crop for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Upon an information charging defendant with commission of the crime of burglary, the defendant was tried before a jury, which found him guilty of burglary in the second degree. Appellant made oral application for permission to file a written application for probation, which application was by the court denied, and defendant was sentenced to the state prison. He appeals from an order denying his motion for a new trial.

The defendant rests his appeal upon two alleged errors of the trial court. These are that the court committed prejudicial error in striking out the testimony of one John Bower, a character witness produced by appellant; and that the court abused its discretion and committed prejudicial error in refusing to appellant permission to file an application for probation. ■ The testimony of the witness Bower, after he had duly qualified to answer on the subject, was that defendant's reputation for honesty was good. Nevertheless, this testimony was stricken from the record for the reason that the witness on cross-examination admitted that he had never heard the defendant's reputation discussed. It is conceded by respondent that the action of the court in granting the motion to strike this testimony was erroneous. (*People* v. *Stennett*, 51 Cal. App. 370, 385 [197 Pac. 372] ; *People* v. *Hoffman*, 199 Cal. 155 [248 Pac. 504].) This was a prejudicial error. The defendant's testimony, if believed by the jury, would have prevented a conviction. It may be that, with the addition of positive evidence of defendant's good reputation for honesty, the jury would have found that there was a reasonable doubt of his guilt. We do not agree with respondent's contention that appellant acquiesced in the court's ruling, in any such way that he waived his right of exception thereto.

■ At the time when defendant's motion for a new trial was denied the defendant asked for permission to file an application for probation, but such permission was refused. The only reason given for such refusal was stated by the court in these words: "If he had honestly admitted his guilt, I would have permitted him to file his application for probation, but not after we have gone through the trial

and the jury has found him guilty." Here again it is conceded by respondent that the court was in error; and this concession is clearly justified. (*People* v. *Miller*, 112 Cal. App. 535 [297 Pac. 40]). But this error is of no importance. The judgment must be reversed for the reason first given, so that there may be a new trial.

The order denying a new trial is reversed, and the judgment is reversed.

Houser, J., and York, J., concurred.