[Crim. No. 7558.   Second Dist., Div. Three.   Aug. 15, 1961.]

THE PEOPLE, Respondent, v. JAMES RAYMOND JERMANE, Appellant.

Richard G. Harris for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Matthew M. Kearney, Deputy Attorney General, for Respondent.

SHINN, P. J.—In an information filed by the district attorney defendant was charged in three counts with violation of section 288 of the Penal Code. In count III the victim was a boy, 8 years of age.

Defendant was arraigned and pleaded not guilty and not guilty by reason of insanity. The court appointed three doctors to examine defendant's sanity under section 1027 of the Penal Code, and trial was set for May 2, 1960. On that date defendant withdrew his plea of not guilty by reason of insanity and pleaded guilty to count III. Counts I and II were dismissed.

The court appointed Doctors Bielinski, Abe and Polos under section 5504, Welfare and Institutions Code, and asked for their conclusions as to whether the defendant was a sexual psychopath.

Following receipt of the reports, the court found defendant to be a probable sexual psychopath and committed him to Atascadero State Hospital for observation and diagnosis for a period not exceeding 90 days. Atascadero concluded that defendant was a sexual psychopath, that he could be benefited by hospital treatment, and reported these conclusions to the court. On August 5, 1960, the court found defendant to be a sexual psychopath within the meaning of the Welfare and Institutions Code and ordered that he be recommitted to the Department of Mental Hygiene and confined to the Atascadero State Hospital for an indeterminate period. Defendant's motion for appointment of further psychiatrists was denied along with his motion for an order to provide him with a copy of the "Findings" from Atascadero.

Defendant demanded a hearing and a jury trial as to the question of his sexual psychopathy. (Welf. & Inst. Code, § 5512.) The court again appointed Doctors Bielinski, Abe and Polos pursuant to section 5504 of the Code. On October 10, 1960, it was stipulated that a jury trial be waived. It was further stipulated that defendant was not a sexual psychopath. A supplemental probation officer's report was ordered. The court denied probation and sentenced defendant on count III to imprisonment in the state prison. Defendant appeals from the judgment and from orders denying probation and denying reconsideration thereof.

Defendant alleges that the trial judge's determination that "There is no question in my mind but what this defendant, if he is not a sexual psychopath, is a man who, in either event, must be confined. He will not be released. This community is entitled to some protection," flowed solely from the trial judge's prejudice against sex offenders and that such an attitude amounts to an abuse of discretion.

As authority for his argument defendant cites *People* v. *Miller,* 112 Cal.App. 535 [297 P. 40] and *People* v. *Osterhelt,* 125 Cal.App. 723 [14 P.2d 140]. These cases are readily distinguished in that in both the defendants were denied the right to file application for probation, and the only reason given by the trial judges was that they did not approve of probation in cases where the defendant pleaded not guilty and was subsequently convicted. In both cases this was found to be error. Here, the application was considered by the court and denied on its merits.

In support of our conclusion that the trial judge acted properly within the scope of his discretion we point out

that in making its decision the court had before it and had considered numerous reports concerning defendant's mentality, personality and emotional makeup. Also included were the supplemental reports of the probation officer.

The reports from the court-appointed psychiatrists and the report from Atascadero generally stated that the defendant was a sexual psychopath and that he was a menace toward the emotional health of children. One psychiatrist also believed that defendant could possibly be a menace toward the physical safety of children. Two supplemental reports by the deputy probation officer recommended that probation be denied.

In view of these reports it is without merit to suggest that the trial court was in abuse of its discretion. ▮ Probation is not a matter of right but an act of grace and clemency which is within the court's discretion, and such an exercise of discretion will not be interfered with on appeal in the absence of a clear showing of abuse. (*People* v. *Hollis,* 176 Cal.App.2d 92, 96 [1 Cal.Rptr. 293].)

It is further contended that the trial court committed prejudicial error in denying defendant's motion for an order directing the Atascadero State Hospital to provide him with a copy of its findings.

The report was ordered by the court under section 5512, Welfare and Institutions Code, for the purpose of assisting the court in its determination of defendant's mental condition, and as to whether he would respond to treatment by the hospital.

▮ Section 5512 does not grant to the defendant a right to a full copy of the report and findings from the state hospital. The statute expressly states that if a person is found to be a sexual psychopath and recommitted by order of the court to the Department of Mental Hygiene for an indeterminate period such person may within 10 days demand a hearing in court as to the question of his sexual psychopathy. If this issue had been tried, defendant no doubt would have had access to any records pertinent to that issue. Instead of following this statutory procedure defendant waived his right to a hearing and his right to plead his case before a jury, and thereafter entered a voluntary stipulation that he was not a sexual psychopath. The court then made a finding in accordance with the stipulation determining that he was not a sexual psychopath and would not be recommitted to Atascadero. The question was whether he should be granted probation. Defendant was given adequate opportunity to become fully

acquainted with the reports of the court-appointed psychiatrists. He was given the report from Atascadero containing the psychiatric diagnosis. He was fully acquainted with the reports of the probation officer. He had a full and fair hearing.

The judgment and the orders are affirmed.

Vallée, J., and Ford, J., concurred.